DOE, *ex dem.*, SAMUEL EADY *et al.*, plaintiff in error *vs.* ROE, *casual ejector*, and C. B. SHIVEY, tenant, defendant in error.

The existence, genuineness and contents of a deed shown to be lost or destroyed, may be proven by a certified copy of the record of it, if it has been properly and legally probated for record.

Ejectment. Evidence. Before Judge HARRELL. Clay Superior Court. April Term, 1870.

Doe, on the demise of Eady, Thomas J. Smith and Sarah A Cook, executrix of W. C. Cook, and others, brought ejectment against Roe, *casual ejector*, and C. B. Shivey, tenant in possession, for lot number three hundred and sixty-six in said county. Plaintiff's counsel read in evidence a grant of said lot from the State to Eady, dated 15th January, 1821. They then produced an affidavit by said Smith, "that the title deeds composing the chain of title from the owners and as they are recorded are not in his possession, power or custody, that he has made diligent search and enquiry and has been unable to find them ; hence he believes they are lost or destroyed;" and an affidavit from said Sarah A. Cook, stating, "that the deeds that appear on record in the Clerk's office of said county, to lot of land number three hundred and sixty-six, in the twenty-sixth district, the lot for which the said S. A. Cook, executrix, and Thomas J. Smith, are suing C. B. Shivey, in an action of ejectment, are not in her possession, and, as she believes, are lost or destroyed and she make this affidavit that copies of the same from the records may be used in said case."

Thereupon, plaintiff's attorneys offered in evidence copies of deeds to said lot, duly certified from the records, from Eady to Thomas Broddus, from Broddus to David Merriwether and others, a deed from them, the heirs of Broddus, to said Smith, and from Smith to said Cook. (Said last deed purported to convey but a half interest in said land.) Defendant's counsel objected to these copies and they were rejected, upon the ground, (as was said in argument,) that there was no proof that such original deeds had ever existed. Plaintiffs closed.

Defendant's counsel examined plaintiff's attorneys who admitted that they did not represent Eady, that said Smith and said Cook were their clients, and that they had no right to sue for Eady, except that by said copy deeds he appeared as a warrantor of the title of said land, in the chain of title as aforesaid. And Shivey testified that he had been in possession of said premises from 1852, did not go in under W. C.

Cook, or hold as his tenant, that once, while in possession, he requested Cook to purchase it for him, stating to Cook that if he would get a good title to the land he would give him a certain animal for it.

The Court charged the jury that said Smith and Cook could not recover in this action on the demise in the name of Eady, unless they showed a connection between their title and Eady's, and that they could not show by parol, that Eady was a warrantor on the title held by said plaintiffs. The jury found for the defendant.

Plaintiff's attorneys say that the Court erred in rejecting said copy deeds, and in charging as aforesaid.

H. FIELDER, for plaintiffs in error, cited 17th, Ga. R., 489 and 29th, 579, as to the parol proof.

HOOD & KIDDOO, for defendant, cited as to secondary evidence, 13th Ga., R., 406 ; 14th, 185 ; 16th, 368 ; 30th, 391, and as to parol proof, 29th, Ga., 572.

*By the Court*—McCAY, J., delivering the opinion.

We think the Court erred in rejecting the copy deeds. The affidavits conformed strictly to the forty-second rule of Court. It is true, there was nothing in the affidavits affirming, directly, the existence and genuineness of the originals. We are of the opinion that this was proven "*prima facie,*" by the certified copies from the record. Why should not the existence of a proper record, be evidence of the existence and contents of a lost original? To go to record, a deed must be probated, either executed, or acknowledged before a magistrate, or proven by the affidavit of one of the witnesses.

The very object of the record is to preserve a copy of the deed to be used if the original is lost or destroyed ; and it would largely lessen the uses of a record, if it were necessary, before it could be used, to prove the existence of the original by other evidence.

The witness who could prove the original existed, could just as easily prove its contents. Indeed, a knowledge of

the contents, is necessary in order to prove the existence of a paper. It is not the mere *paper* that must be proven, but the contents of it. Unless there be forgery or false swearing, nothing but a *genuine existing* deed, can go upon the record properly, and the copy will show upon its face, if the requirements of the Statute have been complied with. We recognize fully the rule, that the genuineness and existence of an original, must be shown before the contents of it can be shown by secondary evidence. But in our judgment, this is done by evidence that there is a duly executed record of what purported to be an original, duly probated according to law.

The cases referred to, 13th *Ga.*, 515; 14th *Ga.*, 185; 16th Ga., 268, and 30th *Ga.*, 391; do not support the position of the plaintiff in error. In *Jones vs. Morgan,* 16th *Georgia,* 515, the deed had not been properly recorded, it did not purport to have been delivered, and this Court put its decision rejecting the copy, on that ground.

The case in 30th *Georgia,* 391, turned upon the same principle; the copy produced, showed a deed executed by two witnesses, neither of them a magistrate and there was no probate. This want of a proper probate, was the ground on which the Court put both those cases, and so far from being against the position we take, they are authorities in favor of it. Since both cases admit that if the deed had been *properly recorded,* the copies would have been admissable.

The other cases referred to were not copies of records, and only establish, what is without doubt the law, that the existence and genuineness of an original must be proven.

More especially is this use of a copy of the record proper under our law. The opposite party, can always force upon the producer of even an original deed, the proof of its execution, by making the affidavit required by section 2670 of the Code. He can thus do away with the effect of the record. He can force the actual proof of existence and genuineness of a lost, or destroyed original, in case like the present, in the same manner. Until that affidavit is made, we hold that the existence and genuineness of the original deeds, as well as their contents, is proven by the production of a

copy from the record of duly probated and recorded originals: See Code, section 2671.

Upon the other point we express no opinion, as we think a new trial ought to be had, on the first point.