Weihl, Probasco & Company *et al.* *v.* The Atlanta Furniture Manufacturing Company *et al.*

1. In appointing a receiver to take charge of the assets of an insolvent corporation under a petition in the nature of a creditor's bill, it is not error to withhold from the receiver assets upon which there are large mortgage liens, even though the value of the assets may be considerably in excess of the amount of the mortgages, provision being made in the order of appointment for turning over such excess to the receiver when it shall be realized through the exercise of a power of sale embraced in the mortgage deeds.

2. A creditor of a corporation by promissory note on which some of the stockholders or directors are indorsers may, as further security for the debt, take *bona fide* from the corporation a mortgage upon some of the corporate property, even if the corporation be insolvent at the time of its execution, and may afterwards enforce such mortgage by exercising a power of sale therein contained. And that the indorsers may incidentally be, benefited by enforcing the mortgage, constitutes no valid reason why the mortgagee should be enjoined or why the mortgaged property should be placed in the hands of a receiver. If other creditors have any right to exonerate the mortgaged property by compelling the indorsers to pay the debt, they may advance the money to the mortgage creditor and demand an assignment of the note and mortgage, but they cannot force the mortgagee to proceed against the indorsers at his own expense.

3. After corporate assets in consequence of a mortgage made by the stockholders or directors of a corporation, have been applied in ease or exoneration of such stockholders or directors, whether creditors of the corporation who suffer by reason of the diminu-

tion of the assets thus withdrawn can, on the doctrine of subrogation or any other principle of law, compel the stockholders or directors so benefited to account for the same, *quære.*

4. It being alleged that one of the mortgages is usurious, direction is given that the order denying the injunction as to such mortgage and appointing a receiver for other assets, be so modified as to require that when the fund is realized by sale of the mortgaged property, enough of it shall be paid over to the receiver to cover the sum which may turn out to be usurious interest, and be by him held subject to an adjudication of the question of usury by final decree.    *Judgment affirmed, with direction.*

May 16, 1892.

Injunction and receiver. Mortgage. Insolvent corporation. Debtor and creditor. Indorsement. Stockholder. Usury. Before Judge RICHARD H. CLARK. Fulton county. At chambers, February 18, 1892.

A petition in the nature of a creditor's bill was brought, October 28, 1891, by Weihl, Probasco & Co., representing that they were creditors of the Atlanta Furniture Manufacturing Co. by promissory notes amounting to $4,101.82, of different dates from January 12 to March 19, 1891, and by Mayer & Lowenstein, representing that they were creditors of the same company in the sum of $351.23; both alleging that these sums were due, and that demand for them had been made and payment refused. Two other unsecured creditors were afterwards made parties plaintiff. The defendants were the Atlanta Furniture Manufacturing Co., the Capital City Bank, the Merchants & Mechanics Banking & Loan Co., A. J. Miller & Son, A. J. Miller & Co., George Hinman and George B Hinman. The allegations of the petition which are here material were, in brief: On Feburary 28, 1891, the furniture company mortgaged its property to the Capital City Bank for $13,000. The bank has personal security for the payment of the entire sum, the note given to it being indorsed by A. J. Miller & Son (composed of A. J. & P. H. Miller) who are solvent and from whom the bank can easily and readily

collect the entire debt. Miller & Son are, and were when the mortgage was given, interested as shareholders in the furniture company. The bank has foreclosed the mortgage, levied, and advertises that it will sell the mortgaged property under a power of sale contained in the mortgage. No authority was delegated by the stockholders or directors, authorizing the bank to proceed without foreclosing the mortgage as the law requires, and there is no provision in law to sell realty without obtaining an order of court as prescribed by law; and the bank should be compelled to go upon the indorsers before resorting to the mortgage, as the property of the furniture company will not be sufficient to satisfy all the just claims against it, it having no property other than that embraced in the mortgage and a few outstanding claims due it. It also executed a mortgage to the Merchants & Mechanics Banking & Loan Co. for $9,919.68, which was signed by P. H. Miller vice-president, and H. J. Fear general manager, who were not officers authorized by law to execute and deliver the same. This mortgage is witnessed by A. J. Miller, the president of the mortgagor. The sum borrowed from the banking and loan company was to be paid back by instalments, and while the debt was to be continually reduced, interest was charged upon the entire debt to the end of the loan; and it is inequitable as to general creditors that the property subject to their debts should go to pay usurious interest, which will result if the banking and loan company is not restrained from collecting its mortgage which, by reason of its illegal execution and of the illegal interest, is void. The furniture company is insolvent. The prayers are, for receiver of all the property of that company; that the mortgagees mentioned be restrained from foreclosing, and the mortgages be cancelled; that a mortgage given to Weihl, Probasco & Co. by the furniture company on

May 22, 1891, be foreclosed and paid off first; and that Mayer & Lowenstein be paid prior to the mortgages of the defendants.—The petition also attacked certain mortgages given by the furniture company to George Hinman, Miller & Son and Miller & Co., all of whom were alleged to be shareholders, and some of them officers, directors or agents in that company; and there were allegations touching other alleged wrongful dealings of these parties with the company, none of which allegations need here be stated.

Demurrers and answers were filed by all the defendants. The answer of the Capital City Bank sets up that its mortgage is valid for money loaned, and the note it was given to secure bears the *bona fide* indorsement of A. J. Miller & Son, but the bank has no lien on two funds and no lien save its mortgage which was legally executed by authority of the stockholders of the furniture company at a legal meeting; that the bank is amply solvent and able to respond to any decree that may be rendered against it; that Weihl, Probasco & Co. knew of the existence of all the mortgages prior to the execution and acceptance by them of their mortgage, and took it subject to all existing mortgages; and that the property covered by the bank's mortgage will not bring more than $22,000 or $23,000, and there is no reason for putting a receiver in charge of it when the mortgage debts on it aggregate $31,000. The answer of the Merchants & Mechanics Banking & Loan Co. alleged: On March 29, 1889, the furniture company borrowed from it $8,000 and gave a mortgage to secure its repayment, with interest as agreed upon, in monthly instalments as provided for by the charter of this defendant (Acts 1887, p. 379), and by an act as to building and loan associations (Acts 1888, p. 47). The mortgage was given with the express assent of all the stockholders in the mortgagor, and was executed by its

vice-president who acted for it in the absence of its president and its general manager. Its charter and by-laws provide that in the absence of the president the vice-president shall discharge all the duties of his office; it had no secretary or treasurer, and the duties of these officers as well as the practical management of its business affairs, were attended to by the general manager. In fact its president was seldom in Atlanta where its business was carried on, and the vice-president, his brother, really discharged the duties of president. It had no directors, but its business was managed by its officers or by the stockholders themselves. All the stock was represented at the meeting called to authorize and request this loan, except $3,000 owned by the president who was absent, but who knew of the application, of the making of the loan and the giving of the mortgage, and procured the vice-president to act for him in the execution of the notes and mortgage. These contain no usury. Part of the notes were paid, but the company failed to pay one note at maturity and all subsequent notes, and by provision in the mortgage the right was given, upon such failure, to proceed to collect the entire remainder of the debt, with attorney's fees and cost; and this defendant thereupon proceeded to foreclose its mortgage. A. J. Miller was not president of the mortgagor, had no stock in it and no connection with it. The mortgaged property, being substantially the same as covered by all the mortgages, is not worth enough to satisfy them all, etc —The answers of the other defendants need not appear here.

The mortgage to the Capital City Bank was dated March 26, 1891, and recorded two days later; it covered the real estate of the furniture company as well as all its fixtures, machinery, etc. for making furniture; it was made to secure a loan of $13,000 due six months after date, with 8 per cent. interest after maturity, and costs

of collection including attorney's fees; and it contained a power, in case of default in payment when due, to advertise the property once a week for four weeks and to sell it at public outcry at the place of making sheriff's sales, to the highest bidder for cash, making title to the purchaser. It was proved that the making of this, as well as the mortgage to the Merchants & Mechanics Banking & Loan Co., was authorized by the stockholders of the mortgagor. The mortgage last mentioned was dated March 29, and recorded April 3, 1889, was for $9,919.68 payable $206.66 every month, and stipulated that if default was made there should be the right to foreclose for the entire amount, principal, interest, and attorney's fees. The sum of about $4,000 is due on it. The furniture company kept its account with the Capital City Bank, which had previously loaned it money, on all of which loans Miller & Son were indorsers; and when the mortgage was given, all the indebtedness was put into one note indorsed by Miller & Son, which note is the one the mortgage was made to secure. The real estate covered by the mortgages is worth from $20,000 to $25,000. When Weihl, Probasco & Co. took their mortgage they were informed of the existence of all the other mortgages. Their attorney objected to putting this fact in their mortgage, and was thereupon told by the attorney for the mortgagor that by leaving out this statement Weihl, P. & Co. were not to get any advantage, but must accept the mortgage subject to all the others. It was an issue, under the evidence, whether the mortgagor was insolvent, and known by the indorsers to be so, on March 26, 1891.

The judge denied the injunction and receiver so far as the Capital City Bank and the Merchants & Mechanics Banking & Loan Co. were concerned, and allowed them to proceed with their mortgages; but he appointed a receiver to take charge of all the assets of

the furniture company, other than the property mentioned in these. two mortgages. The other defendant mortgagees were enjoined from proceeding with their mortgages, and the furniture company was enjoined from interfering with the receiver, who was directed to convert the assets into cash and hold them subject to the order of the court, and to receive any surplus or excess which might arise from the sale of the property covered by the two mortgages which were allowed to proceed, but .he was not authorized in any manner to interfere with the sale under these mortgages. The plaintiffs excepted to the refusal to put the entire property in the receiver's hands, and to the refusal to enjoin the two mortgages mentioned.

WALTER R. BROWN, for plaintiffs.

WEIL & GOODWIN, KING & ANDERSON and L. W. THOMAS, for defendants.