## ATLAS TACK CO. *et al. v.* MACON HARDWARE CO. *et al.*

1. A preference by mortgage given by an insolvent corporation, for the purpose of securing the payment of an antecedent debt, is not necessarily void merely because a director, who has become liable as surety or endorser upon such debt, would be incidentally benefited by the giving of the mortgage; but if such a corporation executes a mortgage in favor of a creditor holding a pre-existing debt, and the purpose for which this is done is not to carry out a bona fide intention to secure and prefer such creditor, but really to effectuate a scheme on the part of the directors to indemnify themselves against loss by reason of their having become endorsers for the corporation on the paper secured by the mortgage, the transaction is in law fraudulent and void as to other creditors.

2. The principles above announced would also apply to an assignment of choses in action, made by an insolvent corporation under like circumstances and for a like purpose.

3. Even if the assignment of commercial paper as collateral to secure the payment of a promissory note infected with usury be void when such assignment is part of the usurious contract, yet where choses in action are assigned to secure the payment of debts which have been previously contracted, with no agreement or understanding, at or prior to the contracting of such debts, that any such security should thereafter be given, such assignment is not rendered void by reason of the fact that some or all of these debts are infected with usury. The execution and delivery of the assignment is not, under such circumstances, a part of the usurious contracts by which the debts are created, but an entirely new and independent transaction.

4. As to the other objections made to the assignment dealt with in the

present case, the decision of this court in *Fulton* v. *Gibian*, 98 *Ga.* 224, is controlling.

5. The court erred in directing the verdict of which complaint is made in the bill of exceptions.

Argued June 29, — Decided July 20, 1897.

Equitable petition. Before Judge Felton. Bibb superior court. April term, 1896.

*Hill, Harris & Birch, Hall & Hardeman, Anderson & Anderson, Steed & Wimberly, Smith & Jones, I. L. Harris* and *A. W. Lane,* for plaintiffs.

*Hardeman, Davis & Turner, Bacon, Miller & Brunson, Dessau, Bartlett & Ellis, Ryals & Stone* and *A. Proudfit,* for defendants.

FISH, J. 1. Certain mortgages given by the Macon Hardware Co., an insolvent corporation, to creditors holding its notes endorsed by its directors, were attacked upon the ground that such mortgages were executed for the purpose of indemnifying the directors against their endorsements. The purpose for which an insolvent corporation may mortgage its assets to creditors holding pre-existing debts upon which its directors have become liable as sureties or endorsers, has been considered several times by this court. In *Weihl, Probasco & Co.* v. *Atlanta Furniture Mfg. Co.,* 89 *Ga.* 297, it was held that "A creditor of a corporation, by promissory note on which some of the stockholders or directors are endorsers, may, as further security for the debt, take bona fide from the corporation a mortgage upon some of the corporate property, even if the corporation be insolvent at the time of its execution. . . . And that the endorsers may incidentally be benefited by enforcing the mortgage, constitutes no valid reason why the mortgage should be enjoined or why the mortgaged property should be placed in the hands of a receiver." In *Lowry Banking Co.* v. *Empire Lumber Co.,* 91 *Ga.* 624, it was held that "On principles of general law, the directors of an insolvent corporation can not, to the prejudice of any of its creditors, indemnify by mortgage upon its assets one or more of their own body against loss by reason of his or their suretyship for the corporation upon liabilities already incurred, such indemnity not being made in the execution or performance of

any agreement or any understanding entered into at or prior to the time when the liabilities were incurred." In *Milledgeville Banking Co.* v. *McIntyre Alliance Store*, 98 *Ga.* 503, in referring to the *Weihl, Probasco & Co.* case supra, this court said: "We now confidently adhere to the ruling then made." And the court cited this last named case as one wherein a mortgage was executed by an insolvent corporation in good faith, for the honest purpose of preferring one creditor to other creditors, and not for the purpose of preferring its directors to other creditors; and while the doctrine laid down in *Lowry Banking Co.* v. *Empire Lumber Co.*, supra, was affirmed, that case was clearly distinguished from the *Weihl, Probasco & Co.* case, the court saying: "In the case cited from 91 *Ga.* it plainly appeared that the action taken by the directors had but a single purpose, viz.: to protect and secure themselves at the expense of all other creditors. They were simply taking care of themselves, having no other object in view, and what they did in seeking to accomplish their end was directly antagonistic to the rights and interests of creditors, for whom they were really fiduciary agents." The case under consideration was also distinguished from the one in 91 *Ga.* Neither of these decisions conflicts with any one of the others; and the true rule deducible from them is, that a preference by mortgage given by an insolvent corporation, for the purpose of securing the payment of an antecedent debt, is not necessarily void merely because a director, who has become liable as surety or endorser upon such debt, would be incidentally benefited by the giving of the mortgage; but if such a corporation executes a mortgage in favor of a creditor holding a pre-existing debt, and the purpose for which this is done is not to carry out a bona fide intention to secure and prefer such creditor, but really to effectuate a scheme on the part of the directors to indemnify themselves against loss by reason of their having become endorsers for the corporation on the paper secured by the mortgage, the transaction is in law fraudulent and void as to other creditors. The test is the intent or purpose which induced the execution of the mortgage. If it be given in good faith for the essential purpose of securing

the creditor, then it is valid, although, as a mere incident, the directors may be benefited. If however, the real purpose is to secure the directors against loss by reason of their endorsement or suretyship, then the mortgage is void as to other creditors. In the case at bar it appears that none of the mortgagees asked to be preferred, and none of them, with one exception, knew that the mortgages had been executed, until after they were filed with the clerk for record. It further appears that one of the purposes for which the mortgages were given, as expressed therein, was "for the purpose of securing harmless the said accommodation endorsers or guarantors." Under these circumstances, therefore, and the law of the case, we think the court erred in directing the verdict of which complaint is made in the bill of exceptions.

2. The principles discussed and decided above, and which are announced in the first headnote, would also apply to an assignment of choses in action, made by an insolvent corporation under like circumstances and for a like purpose.

3. Even if the assignment of commercial paper as collateral to secure the payment of a promissory note infected with usury be void when such assignment is part of the usurious contract, yet where, as in this case, choses in action have been assigned and transferred to secure the payment of debts which have been previously contracted, and there is no evidence whatever indicating that there had been any agreement or understanding, either express or implied, at or prior to the contraction of such debts, that any such security should thereafter be given, such assignment is not rendered void by reason of the fact that some or all of these debts are infected with usury. The execution and delivery of the assignment is not, under such circumstances, a part of the usurious contracts by which the debts are created, but is an entirely new and independent transaction.

4. As to the other objections made to the assignment dealt with in the present case, the decision of this court in *Fulton* v. *Gibian*, 98 *Ga.* 224, is controlling.

5. The court erred in directing the verdict of which complaint is made in the bill of exceptions.

*Judgment reversed.    All the Justices concurring.*