Elder v. Elder et al.

Turner, J.   1. Although a note for the payment of money carries on its face interest at ten per cent. per annum, this fact will not render void an assignment of a bond for titles as collateral security for the payment of such note, the assignment having been made long after the note was given, and there having been at the time of the execution of the note no agreement or understanding that such security should thereafter be given.   Civil Code, § 2892.   "The execution and delivery of the assignment is not, under such circumstances, a part of the usurious" contract evidenced by the promissory note, "but an entirely new and independent transaction."  Atlas Tack Co. v. Macon Hardware Co., 101 Ga. 391.

2. The present case is controlled by the ruling above announced, and it was therefore error to direct a verdict in favor of the defendants in the court below.          Judgment reversed.   All the Justices concur.

Argued November 24, — Decided December 10, 1903.

Equitable petition.   Before Judge Reagan.   Fayette superior court.   April 16, 1903.

In 1883 Miss M. A. Elder lent $550 to her brother, C. C. Elder, and he executed a note under seal to her for that amount and for interest at the rate of ten per cent. per annum.   He used the money in paying for land, and, in 1888, made a deed conveying the land to Margaret Hosford as security for a note for $400, to become due in 1893, executed by him to her, and received from her a bond for title, under the Code of 1882, §§ 1969 et seq.   In 1889 the bond for title was transferred by him to his sister, as security for the note he gave her in 1883.   He died in 1895, insolvent, leaving a widow, Mrs. Lula C. Elder, who has ever since continued in possession of the land, and who became administratrix of his estate.   In 1897 Johnson, the father of the widow, bought the Hosford note, and Margaret Hosford executed to him a quitclaim deed to the land, subject to Miss Elder's rights under the transfer of the bond for title.   Afterwards Miss Elder offered to pay Johnson the amount due on the Hosford note, and tendered the money to him, but the offer was refused.   The value of the land is less than the amount of these debts.   This suit was brought by Miss Elder against Mrs. Lula C. Elder as administratrix of C. C. Elder and as an individual, and against Johnson, to enforce the plaintiff's rights under the transfer of the bond for title, which she alleged Johnson was colluding with Mrs. Elder to defeat by allowing Mrs. Elder to remain in possession of the land without pay-

ing the debt he had bought. The facts stated above appeared from the petition and from the evidence introduced at the trial. The plaintiff prayed for judgment against the administratrix for the amount due on C. C. Elder's note to the plaintiff; that Johnson be required to accept from the plaintiff the amount due on the Hosford note ; that the land be sold and the Hosford note paid from the proceeds, and the remainder of the proceeds be applied to the amount due the plaintiff ; and for other relief. She offered to purge the usury in her note from C. C. Elder. The defendants denied the charges of collusion and fraud. They admitted that the estate of C. C. Elder was insolvent. Mrs. Elder pleaded that the estate had been fully administered, and alleged that the property had been set apart to her and her children as a year's support, and that they were in possession of it as such, subject to the security deed to Margaret Hosford. The defendants contended also that the transfer of the bond for title was void because of the usury in the note to secure which the transfer had been made. The court directed a verdict against Lula C. Elder, administratrix, for the principal of the note and lawful interest, to be made out of such property as might come into her hands to be administered in the future, but not out of other property ; and directed a verdict in favor of the defendants on all the other issues. The plaintiff made a motion for a new trial, in which she alleged that the court erred in directing the verdict. To the overruling of this motion she excepted.

*J. W. Wise, Dorsey, Brewster & Howell,* and *Hugh M. Dorsey,* for plaintiff. *A. O. Blalock* and *J. F. Golightly,* for defendants.