## BENTLEY *et al. v.* McCALL.

1. When a certified copy of a recorded deed is offered in evidence, and is met by the affidavit of forgery provided for in the Civil Code, § 3826, the burden is upon the party offering the deed to show the existence and genuineness of the original, without reference to the fact that it appears to have been recorded. And this is true notwithstanding it appears from the certified copy that the original was more than thirty years old.

2. In such a case the existence and genuineness of the deed may be proved by circumstantial evidence.

3. The circumstances proved in the present case were not sufficient to establish the existence and genuineness of the original deed, and the court erred in admitting in evidence the certified copy.

Argued January 26, — Decided February 15, 1904.

Equitable petition. Before Judge Roberts. Wilcox superior court. May 15, 1903.

The certified copy deed referred to in the opinion was of a deed which purported to have been executed by M. A. Bentley to George K. Hamilton, dated May 28, 1846. The evidence offered in connection with this certified copy was, in substance, as follows: A chain of title to the land in dispute, beginning with a

deed from Hamilton to Rowe, dated December 9, 1856, and ending with a deed from Conner to defendant, dated June 16, 1891. Certificate from the secretary of State, that David G. Saulsbury, who purported to have signed the original deed as a justice of the peace, was a justice of the peace from January 24, 1845, to January 1, 1849. Testimony of Allen W. Smith, that he had seen the chain of titles to the land in dispute; that one Middlebrooks, then the owner of the land, was at witness's house with the titles in the month of January, though witness could not say in what year; that witness examined the deeds very closely, and there was no missing deed in them. Witness could not say whether any of them were certified copies or not, and did not recollect seeing the particular deed from Bentley to Hamilton, but supposed it was among the deeds, as he would probably have noticed its absence if it had been missing, witness having had a good deal of experience in examining titles. Affidavit from defendant, that she did not have the original deed from Bentley to Hamilton, and believed it to have been lost or destroyed. J. M. McCall, defendant's husband, testified: I believe I saw this line of deeds in Rochelle, in Mr. Vaughn's possession, before my wife bought it. There was an original deed out of M. A. Bentley in the bunch of papers. I do not know where it is, though I made efforts to get it. I acted as agent for my wife in buying the land, and saw this deed a short time before I bought the land. The deed has never come into my possession, power, or control. My recollection is that the deed purported to be properly recorded. I think there were two witnesses to it. My recollection is that one was David G. Saulsbury, who was the official witness. I could not detect any defects in it. The deed has been in Mr. Conner's hands and in Mr. Mitchell's hands. I told them to search for it. I have never been able to find it. On cross-examination the witness testified, among other things: I never saw M. A. Bentley write. I never saw David G. Saulsbury write. It appears to be properly signed up; that is all I know about it being a genuine deed. I never knew Saulsbury or Bentley. I did not know whether it was the genuine signature of M. A. Bentley or not, or of Riley Monger, or of David G. Saulsbury. I took it to be a genuine deed. J. M. Mixon testified that he made the copy deed offered in evidence, and that it was a true and correct copy from the records. The

witness also testified that the original book of records was lost, and that he could not find it.     He then added:    " I did not see anything irregular appearing on the face of that paper or the book when I copied it."     Counsel for plaintiffs admitted that the certified copy deed offered in evidence was a correct copy from the record book.

*Eldridge Cutts* and *J. W. Haygood,* for plaintiffs.
*J. L. Bankston* and *J. H. Martin,* for defendant.

COBB, J.    This was an equitable action brought for the recovery of land.     The jury returned a verdict in favor of the defendant, and the plaintiffs complain that the court erred in overruling their motion for a new trial.    The case as presented in this court depends upon the determination of one question, and that is, whether the court erred in admitting in evidence a certified copy of a deed under which the defendant claimed.     When the certified copy was offered in evidence, one of the plaintiffs filed the affidavit of forgery authorized by the Civil Code, § 3826.     The effect of filing this affidavit is to place upon the party offering the copy deed the burden of proving the execution of the original. *McCall* v. *Bentley,* 114 *Ga.* 752 (2).     The subscribing witnesses were not produced, nor was there any evidence as to the handwriting of the alleged grantor or of either of the witnesses.     The defendant sought to prove the execution of the original deed by circumstantial evidence.    This was permissible.    *Payne* v. *Ormond,* 44 *Ga.* 514 (2); *Terry* v. *Rodahan,* 79 *Ga.* 294.    See also *DeVaughn* v. *McLeroy,* 82 *Ga.* 703.     An abstract of the evidence which was introduced for the purpose of proving the execution of the original deed appears in the official report of the case.     The general rule is that the existence, genuineness, and contents of a deed shown to be lost or destroyed may be proved by a certified copy of the record, if it has been properly and legally probated for record.     *Eady* v. *Shivey,* 40 *Ga.* 684; *Hayden* v. *Mitchell,* 103 *Ga.* 431; *Crummey* v. *Hamilton,* 114 *Ga.* 750 ; *Griffin* v. *Wise,* 115 *Ga.* 614.    As was pointed out, though, by Judge McCay, in *Eady* v. *Shivey,* 40 *Ga.* 687, this rule is not applicable in a case where an affidavit of forgery is filed.    In such a case it makes no difference whether it is an original or a certified copy which is offered.    The fact that the paper has been recorded goes

for naught, and the actual proof of the genuineness of the original, as well as of its existence, if a certified copy is offered, must be made.　When the certified copy is eliminated from the case, we do not think the other circumstances proved are sufficient to authorize a finding in favor either of the existence or of the genuineness of the alleged original deed.　The fact that the original appeared from the certified copy to be more than thirty years old would not affect the matter, as the rule in reference to ancient documents applies only to original papers, and not to copies.　See *Patterson* v. *Collier*, 75 *Ga.* 419, 427, and cit.; *McCall* v. *Bentley*, supra.　The defendant did not carry the burden imposed upon her by the filing of the affidavit of forgery, and the court erred in admitting in evidence the certified copy.　There is nothing in this ruling to conflict with the decision in *Payne* v. *Ormond*, supra. There was no affidavit of forgery in that case, and it was simply held that the circumstances detailed were admissible, and that a jury could consider them under proper instructions from the court.　It was not held that these circumstances alone were sufficient to establish the existence and genuineness of the lost deed. In addition to this, upon an examination of that case it will be seen that the decision really turned on the question of prescription.

*Judgment reversed.　All the Justices concur, except Simmons, C. J., absent, and Fish, P. J., disqualified.*