2394, 2395.　FOURTH NATIONAL BANK OF FAYETTEVILLE *v.* CONSOLIDATED STEAMBOAT CO. *et al.* (Two cases.)

RUSSELL, J.　1. To set aside and annul the sale by a corporation of all its assets, and to subject them to the payment of his debt, a creditor must usually invoke affirmative equitable relief. While claim cases are adjudicated in accordance with the general principles of equity, a plaintiff in fi. fa. who seeks to subject the assets of a corporation which were sold by the corporation to the claimant prior to the levy, in alleged violation of its corporate powers, must, in the absence of proof of an intent to delay, defraud, or hinder creditors, ask the intervention of equity to set aside the sale, where at most there is merely an apprehension that the sale in question may jeopardize his interests.

2. Unless it appears that an act of a corporation, though it be unauthorized and ultra vires, was detrimental to the interests of a third party, he is not directly interested in the determination of the question as to whether the corporation acted outside the scope of its powers.

3. In order that the act of a debtor in selling his property may be held to be fraudulent in law as against his creditors, the conveyance must have been "made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." Civil Code (1910), § 3224, par. 2.

4. So far as its creditors are concerned, a corporation may exchange all of its property for stock in another and different corporation, provided the change in the form of its assets is not detrimental to any of its creditors, and provided the sale or exchange, in the case of a public corporation, does not tend to defeat or lessen competition. Apparently, competition was not lessened in the present case, nor was that the purpose of the sale. The apparent effect of the sale of the boat in the present case, and of payment of the purchase-price in stock in another transportation company, was to create competition. It certainly did not diminish it.

5. There is no principle of law which requires a buyer to pay twice, or to pay more than the property is worth.　　*Judgment affirmed.*

Levy and claim; from city court of Savannah—Judge Davis Freeman.

*W. L. Clay,* for plaintiff.　*W. B. Stephens,* contra.