## 16341. CITIZENS BANK OF VALDOSTA *v.* VALDOSTA MILL & ELEVATOR CO.

JENKINS, P. J. 1. No officer, or set of officers, of a corporation is authorized to divert its property or pledge its credit for the payment or securing of the individual debt of an officer; and, except in cases where the rights of innocent third persons may have become involved, any such attempted misapplication will be annulled or avoided in any appropriate proceeding; and this is true without regard to the form or method which may have been pursued in such illegal undertaking. Accordingly, a bank with knowledge that an officer of a corporation is using the company's funds on deposit with it to discharge his individual debt to the bank is liable in a suit in indebitatus assumpsit for the amount of the property so misapplied.

2. Where there has been no ratification or laches on the part of the stockholders of the injured corporation, the fact that one of the directors of the company subsequently acquired knowledge of such illegal procedure does not estop it from asserting its right to reimbursement. Accordingly, the corporation itself is not estopped from asserting its rights even though the offending bank sought by its pleadings to set up such a defense. *Walker* v. *Kingston Supply Co.*, 18 *Ga. App.* 447 (89 S. E. 533); *Spinks* v. *Athens Savings Bank*, 108 *Ga.* 376, 378, 379 (33 S. E. 1003); 14 Corpus Juris, 377, 378.

3. "A plaintiff must recover upon the cause of action as laid in the petition; and a verdict in his favor is illegal when the evidence fails to support the cause declared on, even though a different cause of action may appear from testimony admitted without objection. But evidence, admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant." *Napier* v. *Strong*, 19 *Ga. App.* 401 (2) (91 S. E. 579). Accordingly, the verdict is not illegal on the ground that the allegata and probata do not correspond because the petition may have charged that the bank knowingly accepted payment of a personal note made to it by one of plaintiff's officers by means of a check drawn by him on the funds on deposit to the credit of the company, while the evidence introduced, including that of the defendant, showed that the note in question was made by the company's officer to the company and indorsed by the company through that officer to the bank, it otherwise satisfactorily appearing that the note was a renewal or substitution of his prior individual obligation to the bank.

3. The evidence authorized the verdict on every essential element of proof. The court did not err in permitting the plaintiff to introduce a portion of its regular books of account for the purpose of corroborating its other testimony on the question whether the indorsed note was a substitution or renewal of a direct personal obligation of the plaintiff's officer. *Shields* v. *Carter*, 22 *Ga. App.* 507, 509 (96 S. E. 330). On this point the evidence for the defendant is at least vague, equivocal, and indefinite,

if not in fact itself indicating that such was the truth of the case. The ground of special demurrer not abandoned is without merit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 21, 1925.

Complaint; from Lowndes superior court—Judge W. E. Thomas. February 20, 1925.

STATEMENT OF FACTS BY JENKINS, P. J.

The petition in substance alleged: that the defendant bank had on checking deposit account a large sum of money of the plaintiff company; that the plaintiff was indebted to the bank in a large sum; that M. Curry, who was the vice-president and general manager of the company, was also individually indebted to the bank; that in a settlement and liquidation of the company's indebtedness, the bank, acting clandestinely with reference to the other officers of the company and in collusion with the said Curry, induced him to include the amount of his individual indebtedness in a check given by him for the company in settlement of the company's obligations; that this padded check was duly honored by the defendant and charged against the deposit account of the company; and the petition alleged that by reason of these facts the defendant was indebted to the plaintiff in the amount thus applied to the individual debt of Curry. The defendant contended that the note of Curry, included in the settlement, was in fact an obligation of the plaintiff company; that it was in fact a note made by Curry to the plaintiff, and indorsed by it, through Curry, to the bank; and that the bank, being an innocent holder of the note, was entitled to payment thereof from the plaintiff. On the trial the defendant sought to show that the note was taken from Curry in renewal or substitution for a prior personal obligation of Curry to the bank; and that the bank took it with full knowledge of these facts. The defendant filed demurrers, which were overruled, but which are expressly abandoned in the brief, except the special demurrer setting forth that the petition does not allege how and in what manner the bank induced Curry to sign the check complained of. A verdict was returned for the plaintiff in the full amount sued for, with interest. The case came to this court on exceptions to the overruling of the demurrer and to the overruling of the defendant's motion for a new trial.

The defendant contends that since the evidence showed that the check by the company did not include any note by Curry to the

bank, but only a note by Curry to the company, indorsed by him for the company to the bank, the allegata and probata do not correspond. It further insists on this point by making exceptions to the charge of the court. It contends that the evidence does not show that the note thus included represented the renewal or substitution of a previous note by Curry. It further insists that the company, under the evidence, must be held to have ratified the payment as made. The record shows that no plea of ratification was entered. Exception is taken also to the admission in evidence, over objection, of the books of the plaintiff, introduced for the purpose of corroborating the testimony of its officers and agents that the note paid from its funds represented a personal obligation of Curry. The ground of this contention is that the books were but self-serving declarations. The defendant itself, in its effort to show that the note included in the check represented an obligation of the company, showed the payment of the indorsed note complained of. The president of the bank admitted in general terms that "he [Curry] borrowed this first money on his own individual credit. We allowed him to substitute the obligation of the Valdosta Mill & Elevator Company for his own obligation, without making any inquiry except to him." There was other testimony for the plaintiff, with the documentary evidence, which tended to support its contention. It appears that the plaintiff repudiated the transaction and demanded a refund immediately after the facts were brought to its attention at its first meeting of stockholders held after the payment, and that only one other director had acquired any previous knowledge of the alleged misapplication.

*Franklin & Langdale,* for plaintiff in error.

*Whitaker & Dukes,* contra.