20869.   McDonald *v.* Redding Lumber Company.

Bell, J.   1. "Directors primarily represent the corporation and its stockholders, but when the corporation becomes insolvent they are bound to manage the remaining assets for the benefit of its creditors, and can not in any manner use their powers for the purpose of obtaining a preference or advantage to themselves." Civil Code (1910), § 2222.

2. Where a corporation was insolvent, it could not as against other creditors make a valid conveyance of its property to one of its officers and di-

rectors for the purpose of paying an existing debt of the corporation for which he was personally liable, the conveyance not having been made in the performance of any agreement or understanding entered into at or prior to the creation of the debt and liability thus sought to be satisfied, or before the insolvency of the corporation. *Monroe Mercantile Co.* v. *Arnold*, 108 *Ga.* 449 (34 S. E. 176); *Tatum* v. *Leigh*, 136 *Ga.* 791 (2) (72 S. E. 236), and cit.

3. In the instant case the fund pursued by the garnishment was claimed by an officer and director of the defendant corporation under an assignment made to him by the corporation, and, according to the undisputed testimony of the claimant himself, the assignment was made for the purpose of enabling him to pay a debt of the corporation for which he was liable as a surety, and was not executed in pursuance of any agreement or understanding entered into at or before the incurring of such obligation. From the claimant's further testimony, which was also undisputed, it appeared that the liabilities owed by the corporation at the date of the assignment exceeded the value of the corporate assets, and thus that the corporation was insolvent, unless an amount claimed to be due to it by a bank in another State should have been considered.

4. Before secondary evidence of the contents of a book of account or other document is admissible, it is necessary to prove the existence of a genuine original, and the rule is the same whether it be contended that the original has been lost or destroyed, or that it is beyond the jurisdiction of the court. Civil Code (1910), § 5761; *Calhoun* v. *Calhoun*, 81 *Ga.* 91 (6 S. E. 913); *Bentley* v. *McCall*, 119 *Ga.* 530 (46 S. E. 645); *Fay* v. *Burton*, 147 *Ga.* 648 (4) (95 S. E. 224). Testimony of the claimant that he had recently examined the books of a bank in another State, from which books it appeared that the assignor corporation had to its credit in such bank a stated sum of money, but that the bank at that time had closed and was in process of liquidation, was insufficient to show the authenticity of such books as a foundation for the admission of secondary evidence of their contents, it not appearing that the books were found in the custody of any trustee or officer of court in charge of such insolvent bank, or in the possession of any person whose duty it was to keep and preserve them. *Lowry National Bank* v. *Fickett*, 122 *Ga.* 489 (50 S. E. 396). The trial court did not err in excluding the oral testimony as to the contents of such books.

5. Testimony of the claimant to the effect that he had "subsequently ascertained" that a certain sum was realized and paid to the assignor corporation out of the funds of the insolvent foreign bank did not purport to be based upon the personal and independent knowledge of the witness, and was properly excluded as hearsay. Moreover, the claimant did not attempt to show what had become of the money thus said to have been received or realized, or in any way account for it as a present asset of the corporation whose assignment of other assets he was seeking to uphold as a valid conveyance to himself. The evidence demanded a finding that such assignment was void as against the garnishing creditor, and none of the evidence which the court withheld could have changed the result.

6. As a general rule, a creditor can not reach by garnishment any assets which the debtor himself could not recover. In the present case, however, there is no contention that the fund in controversy was not in fact subject to garnishment as between the plaintiff and the garnishee, but the matter for determination was whether it should be applied to the debt of the plaintiff or withdrawn from garnishment by a claim predicated upon an assignment by the defendant; and, under an exception to the rule stated, it was permissible for the plaintiff to attack such assignment on the ground of fraud, although the defendant as assignor would have been estopped to raise such question. *Parrott* v. *Baker*, 82 *Ga.* 364 (4) (9 S. E. 1068); *First National Bank* v. *Colonial Fire Ins. Co.*, 160 *Ga.* 166 (2a) (127 S. E. 455); *Jacques & Tinsley Co.* v. *Carstarphen Warehouse Co.*, 131 *Ga.* 1 (62 S. E. 82); *Few* v. *Pou*, 32 *Ga. App.* 620 (2), 625 (124 S. E. 372).

7. It was unnecessary for the plaintiff in garnishment to file special pleadings in order to attack the assignment upon the ground that it constituted a legal fraud, though not necessarily a moral fraud (*Monroe Mercantile Co.* v. *Arnold*, supra), against the plaintiff as a creditor. *Fouts* v. *Gardner*, 157 *Ga.* 362 (121 S. E. 330); *Simmons* v. *Realty Investment Co.*, 160 *Ga.* 99 (127 S. E. 279); *Hart* v. *Rafter*, 78 *Ga.* 478; *Smith* v. *Dysard Construction Co.*, 15 *Ga. App.* 192 (82 S. E. 761).

8. Under all the evidence, including even that which the court rejected, the claimant had no valid assignment, either legal or equitable, as against the plaintiff in garnishment, and the direction of a verdict in the plaintiff's favor was a proper termination of the case.

9. This conclusion is not in conflict with anything decided in *Fourth National Bank* v. *Consolidated Steamboat Co.*, 12 *Ga. App.* 864 (76 S. E. 1057). That case proceeded upon the theory of an "absence of proof of an intent to delay, defraud, or hinder creditors."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 16, 1931. REHEARING DENIED AUGUST 27, 1931.

*Brock, Sparks & Russell,* for plaintiff in error.
*Martin, Martin, Snow & Gillen,* contra.