Argued June 28; affirmed July 12, 1932

## AMERICAN BANK v. PORT ORFORD CEDAR PRODUCTS CO.

(12 P. (2d) 1014)

*Herbert S. Murphy,* of Marshfield (Goss, Murphy & Skipworth, of Marshfield, on the brief), for appellant.

*W. U. Douglas,* of Marshfield, for respondent.

140

BEAN, C. J. It is contended on behalf of the defendant that, it having once paid the amount of the trade acceptances to the stockholders, defendant should not be required to pay the same again for the reason

that it had not been disclosed, either by the books or by the plaintiff bank, so as to decrease the net value of the price of the assets. Defendant asserts:

"If a transfer of corporate property and assets is made in good faith and for a proper consideration, the purchaser acquires the property and franchises free from any liability for the debts of the transferring corporation." 14a C. J. 892, § 3069. Citing Fayetteville Fourth Nat. Bank v. Consolidated Steamboat Co., 12 Ga. App. 864 (76 S. E. 1057).

It is stated in 14a C. J. 891, § 3069, that

"In the absence of an agreement, or of fraud or bad faith, the transferee of all the assets of a corporation takes them free from the rights of general creditors, and without liability to such creditors where the transfer is made bona fide, for a consideration which under the circumstances is fair and adequate * * *. But a transferee of corporate assets will be liable for the debts of the transferor corporation where such debts are assumed by agreement, or where the transaction is in the nature of a consolidation of the corporation making the transfer with the transferee, * * * and although the transferee corporation expressly promises to pay the debts of the transferor, the property remains subject to a lien in the hands of the transferor corporation in favor of the creditors of the transferor. Where the transferee corporation expressly agrees to assume the debts of the transferor corporation, the creditors of the transferor may maintain a direct action against the transferee upon the contract."

The transfer was included in the amalgamation of the three corporations, namely, the Pacific Veneer Company, the Coos Veneer and Box Company, and the Western White Cedar Company, the assets of all three of which were transferred to defendant Port Orford Cedar Products Company, a new name for the three corporations.

In our opinion the solemn agreement of the Port Orford Cedar Products Company to assume and pay

the debt of the Pacific Veneer Company authorizes the plaintiff to collect the amount due on the two trade acceptances from the defendant.

We fail to see the necessity of applying the "trust fund doctrine." That doctrine, however, was stated in *Williams v. Commercial Nat. Bank,* 49 Or. 492 (90 P. 1012, 91 P. 443, 11 L. R. A. (N. S.) 857), by Mr. Justice EAKIN, in substance, that, where a corporation transfers all its assets with a view to going out of business and nothing is left with which to pay its debts, the transferee is charged with notice of the circumstances of the transaction and takes the assets subject to an equitable lien for the unpaid debts of the transferring company, the property of a corporation being a fund subject to be first applied to the payment of debts. See also *Umpqua Valley Bank v. Wilson,* 120 Or. 396, 407 (252 P. 563); *Gantenbein v. Bowles,* 103 Or. 277 (203 P. 614); *Macbeth v. Banfield,* 45 Or. 553 (78 P. 693, 106 Am. St. Rep. 670).

Evidently it was simply an oversight of the bank in not mentioning the two trade acceptances, which were not yet due when inquiry was made by Haskin & Sells.

■ The defendant received title to the property of the Pacific Veneer Company on January 31, 1929, and on about February 1 of that year conveyed the property to the Continental Illinois Bank & Trust Company, an Illinois corporation, and Calvin Festress, by a deed of trust, and issued, negotiated and sold approximately $2,500,000 worth of bonds under said trust deed, thus placing the property beyond reach, so far as the enforcement of plaintiff's lien thereon is concerned, and defendant thereby became personally liable to plaintiff for its claim: 14a C. J., § 3069, pp. 890-891.

■ Plaintiff reduced its claim to a judgment against the Pacific Veneer Company. That fixes and establishes the fact that the transferor is indebted to plaintiff in the amount of that judgment. An execution against the Pacific Veneer Company was issued and returned nulla bona. That establishes the insolvency of the Pacific Veneer Company: 15 C. J. 1400, § 59.

Defendant suggests that the court should have brought in the stockholders of the Pacific Veneer Company in order to settle the whole controversy. As we view it that is a matter in which the defendant and its stockholders only are interested. No such application to bring in new parties was made to the court, nor was there any necessity therefor shown. The names of these other parties were not disclosed to the court or to plaintiff. The defendant then appeared to be satisfied to try the issues of the suit and abide by the decision of the court without asking that any other person be brought into the suit.

■■ It is a general rule that a third person may be brought in as a new party only upon application or motion to the court by a party to the action for leave to do so, and in the absence of such application or motion the court is not required expressly to tender an opportunity to amend, although under some circumstances it may of its own motion order a new party to be brought in: 47 C. J., § 251, p. 136; *Williams v. Commercial Nat. Bank,* supra.

■ The defendant contends that the plaintiff is estopped from claiming any liability on the part of defendant by reason of said trade acceptances since no mention was made of them in the certificate furnished to Haskin & Sells. It of course would not be contended in case the plaintiff, in making a statement to the Pacific Veneer Company or one of its customers,

should overlook a promissory note or other negotiable instrument that such instrument would be of no effect. The statement was not made to the defendant. It was made at the request of Haskin & Sells and the Pacific Veneer Company.

One of the essential elements of estoppel is as stated in 21 C. J. 1119, § 122: "The party to whom it was made must have been without knowledge or means of knowledge of the real facts." In the present case the Pacific Veneer Company knew it issued these trade acceptances and that they were unpaid and that they would not mature until January 14, 1929. It also knew they were outstanding, whether they were in possession of the respondent or not. There are other elements of estoppel which are lacking in this transaction. The party to whom it was made must have relied or acted upon it to his prejudice. There must be action thereon by the other party and injury to such other party. In estoppel, it must appear that the representee relied so far on representation that it would be inequitable to permit the representor to shift position his representation announced: 21 C. J. 1119, § 122; *Bramwell v. Rowland,* 123 Or. 33 (261 P. 57). There can be no estoppel if either of these elements are wanting.

The defendant insists that the Pacific Veneer Company had no record of these acceptances, but its president, Mr. F. L. Lowe, stated as a witness that he signed them and knew about them and talked about them with the bank when they matured. Whether it had knowledge that plaintiff had these acceptances at the time the statement was made or not, it was bound to know they were outstanding and should have imparted that knowledge to the defendant. It would be inequitable to permit the Pacific Veneer Company or its assignee

to escape payment of the trade acceptances which were issued for goods sold and delivered for the reason that the bank overlooked them at the time inquiry was made by Haskin & Sells. Such oversight does not constitute a defense.

The value of the property transferred by the Pacific Veneer Company was determined by the Standard Appraisal Company of Portland. The defendant did not pay the consideration direct to the Pacific Veneer Company. It is not shown that the plaintiff received any information of the pendency of the transfer or how it was to be arranged. The recovery of the judgment after the regular service of the summons and complaint establishes the fact that the Pacific Veneer Company owes the plaintiff the amount of the trade acceptances.

The defendant, by its answer, averred that in consideration of the transfer of the assets of the Pacific Veneer Company "the defendant agreed to assume all the debts and liabilities of the Pacific Veneer Company existing or accruing prior to January 1, 1929." It was shown that the debt due the plaintiff accrued prior to that date.

The trial court held that defendant, by the agreement, made and carried into effect by and with the Pacific Veneer Company, and its stockholders, and by its acts in relation to the property so received, became liable for and assumed the debt owing by the Pacific Veneer Company to the plaintiff.

The finding of the circuit court was justified by the record.

The decree is affirmed.

BROWN, BELT and CAMPBELL, JJ., concur.