### 37185.  WARE *v.* RANKIN, Trustee.

TOWNSEND, Judge.  1.  This petition, seeking recovery of sums paid out by an insolvent corporation by the plaintiff in error, H. H. Ware, Jr., a vice-president and managing officer, and two codefendants who were directors thereof, was brought in the name of J. K. Rankin, Receiver of Georgia Book Brokers, Inc.  Subsequently the corporation filed a proceeding in bankruptcy and the receivership was terminated.  By amendment the plaintiff, under order of the Referee in Bankruptcy, amended the petition to proceed in the name of Rankin as Trustee in Bankruptcy of Georgia Book Brokers, Inc.  No objection was filed to the amendment.  Demurrers challenging the right of Rankin as Receiver to bring the action were not renewed, and the renewed demurrers challenge only the right of the plaintiff in his capacity as trustee in bankruptcy to maintain the action.  " 'A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on.' *Livingston* v. *Barnett*, 193 *Ga.* 640 (19 S. E. 2d 385) . . . A demurrer to a petition as amended will not raise the question as to whether the original petition contained enough to amend by or whether the amendment stated a new and distinct cause of action, or for other reason should have been disallowed on proper objection; but in such case, if the petition states a cause of action after amendment, it is not erroneous to overrule a general demurrer to the petition as amended, whether it be a new demurrer or a renewal of an original demurrer." *Mauldin* v. *Lexington Roller Mills*, 195 *Ga.* 122 (1, 4) (23 S. E. 2d 429).  The renewed demurrers go only to the right of the plaintiff to proceed in his capacity as trustee in bankruptcy.  That he may do so, see *Hall Hardware Co.* v. *Ladson Brick &c. Co.*, 160 *Ga.* 341 (1) (127 S. E. 754).

2.  Code § 22-709 providing as follows: "Directors primarily represent the corporation and its stockholders, but when the corporation becomes insolvent they are bound to manage the remaining assets for the benefits of its creditors, and cannot in any manner use their powers for the purpose of obtaining a preference or advantage to themselves" is merely declaratory of existing law, having been codified from *Lowry Banking Co.* v. *Empire Lumber Co.*, 91 *Ga.* 624 (17 S. E. 968), a

case dealing with directors only. Managing officers of a corporation who although not directors are, in direct conjunction with such directors, in charge of the corporate affairs, occupy the same fiduciary position, and when the corporation becomes insolvent are likewise charged with the duty of conserving and managing the remaining assets in trust for creditors. *Monroe Mercantile Co.* v. *Arnold*, 108 *Ga.* 449 (34 S. E. 176); *Citizens Bank of Valdosta* v. *Valdosta Mill &c. Co.*, 34 *Ga. App.* 713 (1) (131 S. E. 126); Pepper *v.* Litton, 308 U.S. 295 (4, 5) (60 Sup. Ct. 238, 84 L. ed. 281). "'Directors and managers of insolvent corporations are trustees of the funds, as well for the creditors as for the corporation, and are bound to apply them pro rata, and can not use them to exonerate themselves to the injury of other creditors.'" *Atlas Tack Co.* v. *Exchange Bank*, 111 *Ga.* 703, 707 (36 S. E. 939), quoting 5 Thompson's Commentaries on Law of Corporations, § 6504. See also *Atlanta Real Estate Co.* v. *Atlanta National Bank*, 75 *Ga.* 40. The petition here alleges that Ware, vice-president and owner of one-third of the stock, and two directors, owners of the other two-thirds, had complete control of the company and directed all its operations, Ware participating in the meetings of the board of directors; that at a time when the corporation was insolvent and had ceased doing business they authorized the payment to Trust Company of Georgia, a creditor of the corporation, of the sum of $30,000, thereby extinguishing a debt on which Ware and one of the directors were personally liable as endorsers and that by so doing they used the corporate assets and trust funds in preferring the bank so as to obtain an advantage or preference to themselves to the injury of other creditors. Under these cirmumstances the petition is not subject to general demurrer on the ground that it is not alleged that Ware was a director of the corporation, there being other allegations showing a like fiduciary status and duty.

3. Under the provisions of Code § 28-301 the officers and directors of an insolvent corporation may prefer one creditor over another, and may pay a debt which is due and payment of which is being demanded, even though the effect of the payment is to reduce assets available to other creditors, and even though such action by the directors or officers may result in some incidental benefit, such as the extinguishment of such liability as they may have previously incurred as endorsers

or sureties on commercial paper in the hands of the preferred creditor. *Weihl, Probasco & Co.* v. *Atlanta Furniture Mfg. Co.*, 89 *Ga.* 297 (15 S. E. 282) ; *Milledgeville Banking Co.* v. *McIntyre Alliance Store*, 98 *Ga.* 503 (25 S. E. 567) ; *Atlas Tack Co.* v. *Macon Hardware Co.*, 101 *Ga.* 391 (29 S. E. 27). What the officers and directors may not do is to use their position for the purpose of preferring themselves over any creditor, and any scheme or device the purpose of which is to indemnify themselves against loss, whether as creditors or as endorsers of notes given by the corporation or otherwise, constitutes legal fraud. *Lowry Banking Co.* v. *Empire Lumber Co.*, 91 *Ga.* 624, supra; *Monroe Mercantile Co.* v. *Arnold*, 108 *Ga.* 449, supra; *Atlas Tack Co.* v. *Exchange Bank*, 111 *Ga.* 703, supra; *McDonald* v. *Redding Lumber Co.*, 43 *Ga. App.* 656 (159 S. E. 888) ; *Tatum* v. *Leigh*, 136 *Ga.* 791 (72 S. E. 236, 25 Ann. Cas. 216). The test is the intent or purpose which induced the making of the payment or the giving of the security. *Atlas Tack Co.* v. *Macon Hardware Co.*, supra, p. 393. The petition here sufficiently alleges that the effect of payments of the notes of Georgia Book Brokers on which Ware and Phelps were endorsers to the Trust Company of Georgia was to give these defendants a preference or advantage. It also alleges that the payments were made "for the purpose and intention of benefitting the said John Phelps and H. H. Ware, Jr., by relieving them of their personal liability on the indebtedness." It thus becomes a jury question, under these allegations, whether payment to Trust Company of Georgia of sums due it, at a time when the corporation was insolvent and had for all practical purposes ceased doing business, and conceding that the corporation had a right to prefer creditors at that time, and that the sums paid were past due and owing to it, was in fact a mere scheme and device on the part of the defendants to indemnify themselves against loss, and as such constituted a legal fraud. Further, as to Ware, who was not in fact a director of the corporation, it is also a question of fact under the allegations of this petition whether he did assume the duty and authority of that office, because, as alleged, he with the two directors had complete control of the company, directed all its operations, and participated in the meetings of the board of directors as such. "The board of directors is the governing body of a corporation, and as such is vested with the management of its ordinary corporate

affairs, such as the corporation itself is authorized to perform under the rights and powers delegated by its charter. The officers appointed by the directors are clothed with only such powers and authority as are expressly conferred upon them by the charter or the by-laws, or as may be implied by usage and acquiescence." *Henderson Lumber Co.* v. *Chatham Bank & Trust Co.*, 33 *Ga. App.* 196, 197 (125 S. E. 867). The ordinary affairs of the corporation are under the control of the directors, not the vice-president, and unless there is clear proof that Ware had and exercised, as a matter of fact, the authority and control alleged, the fact that he was an officer, and sat in the director's meetings, and was benefited by the payment of the debt in question, would not render him liable. Under all the allegations of the petition, a jury question was presented, and the trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 8, 1958.

*C. Edward Hansel, Crenshaw, Hansell, Ware & Brandon,* for plaintiff in error.

*I. A. Blanch,* contra.

*Harold Sheats,* amicus curiae.