ALVIN N. MILLER, and others, plaintiffs in error, vs. THE SA-
        VANNAH FIRE COMPANY, defendant in error.

The members of the fire company of Savannah, all resigned, and in their pla-
    ces, the City Council appointed new members.
*Held*, That the City Council had the power to make the appointment.

In Equity, in Chatham Superior Court. Decision by Judge FLEMING, at December Term, 1858.

This was a bill filed by " The Savannah Fire Company," ' assuming to be a body corporate, against Alvin N. Miller, Gilbert Butler, and others.

The bill alleges that complainant was incorporated by an Act of the General Assembly of the State of Georgia, passed in December, 1834, and authorized to hold real and personal estate; and that the interest or income arising therefrom, should be applied to relieve the distresses of the members, &c

Miller et al. vs. Savannah Fire Co.

That on the 4th November, 1853, the said Savannah Fire Company was composed of Alvin N. Miller, and his co-defendants named in the bill. That at that time, said company owned a fund of about seven thousand dollars. That about said day, Miller and his co-defendants tendered their resignation, as members of said company, to the City Council of Savannah, which was accepted.

That after this resignation was accepted, certain persons named in the bill, were appointed members of said company, and were duly organized.

That said Miller and his associates, the defendants, notwithstanding their resignation, have retained possession of the said funds of said Savannah Fire Company, which they had in their hands at the time of their resignation, and which the bill alleges, belong to complainant, said Fire Company; and that it has no means of ascertaining the amount of said sum, or in what manner it has been disposed of by defendants  That complainant has applied to defendants to come to a settlement, and to account for said funds, and to pay over the same, which defendants refuse to do.  The bill prays for an account, &c.

To this bill defendants filed their plea in bar, denying that complainant is a body corporate.  They state that defendants, about 4th November, 1853, were the duly appointed successors of the corporation styled the Savannah Fire Company, and that thus constituting said corporation, they have not appointed any successors or corporators; and that said corporation could transmit and continue its franchise only by its own voluntary action, and appointment of successors and corporators.  That said corporation was dissolved by the voluntary act and assent of all its members, (without having made any election or appointment of their successors,) by the resignation of their offices, and by a surrender to the State of all its franchises; and that there is not any corporation existing under the charter aforesaid.  That the persons who

now style themselves the Savannah Fire Company, are not the successors of the corporation, but an unincorporated as-, sociation under that name, created by the City Council of Savannah, and were formed since the dissolution of said corporation, for certain municipal purposes, and have no rights, powers or franchises, under and by virtue of the Act of December, 1834.

The cause was heard by Judge FLEMING, who, after argument, overruled the plea, and ordered defendants to answer. To which decision and judgment defendants except.

LAW, BARTOW & LOVEL, for plaintiffs in error.

WARD & OWENS; and GORDON, contra.

By the Court.—BENNING J. delivering the opinion.

The members of the fire company all resigned, and in their places, the City Council appointed new members. If the Council had power to make this appointment, the plea was insufficient, and the decision holding it insufficient was right. This is clear.

The question, therefore, is, did the Council have the power to make this appointment?

Whatever power the Council had on the subject was derived from the Act of 1834, "to incorporate the Fire Company of the City of Savannah," the third section of which Act is in these words: " That said corporation shall elect their officers in the manner pointed out in the ordinances of the City Council of Savannah, and that nothing in this Act shall be so construed as to make said fire company, independent of the City Council, but that it shall continue to be subject to the same control of the City Council as that body has heretofore exercised over it." *Pamph.* 1834, 131.

These words must mean, either, 1st, that the power which the Council was to have over the fire company, after its in-

corporation, was to be the power which the Council had actually "*exercised*" over the company, before its incorporation; or 2dly, that the power was to be the power which the Council had *possessed* over the company, before its incorporation, whether the power had ever been exercised or not.

Supposing the first, the meaning, the question will be, what power had the Council actually "*exercised*" over the company, before its incorporation? or, to speak more definitely, the question will be, whether the Council had ever *exercised* over the company, before its incorporation, a power like this which they exercised over it, after its incorporation; that is, whether they, of their own mere will and pleasure, ever appointed all the members of it at once.

And we find, that, at the origin of the company, the Council did a similar thing. The company was created out and out, by the Council. They appointed all of its original members. They did so on their own motion and volition. And they had the right to do so. The Act of 1824, " to establish an engine company, in the city of Savannah," and the Act of 1825, amendatory of that Act, gave the Council this power. (*Daws.* 458, 462.)

If then the meaning of these words in the charter, be, that the Council was to have, over the company after its incorporation, the same power which they had actually "*exercised*" over the company, before its incorporation, then, the Council had the power to make the appointment in question, for it had made a similar appointment, for the company at its origin.

But suppose the second be the meaning; viz, that the Council were to have the same power over the company, after its incorporation, as they had *possessed* over it, before its incorporation.

Then, the question will be, did the Council possess over the company, before its incorporation, the power to make such an appointment as the one in question.

The power of the Council, in this respect, was derived

from the two Acts aforesaid—of 1824, and 1825.   The first
section of the Act of 1824, is in these words: " The corpo-
ration of the city of Savannah, shall have power and author-
ity, and they are hereby empowered and authorized to nom-
inate, select and appoint, certain individuals, being free white
persons, and not exceeding twenty-one in number, and who,
when so appointed, · shall be known as the Engine Compa-
ny of the City of Savannah."

The meaning here must be, that the Council might ap-
point twenty-one persons to form the company and might
afterwards keep this number full, by supplying vacancies
that might happen in it.   This is the meaning—on which
the practice has ever proceeded.

This being the meaning, it is clear, that the power thus
conferred on the Council, if it remains undiminished, was
sufficient to justify the appointment in question.

Has that power been diminished?   It is not pretended,
that it has been diminished by any Act of the Legislature.
But it is insisted, that the power has been diminished, by an
ordinance of the Council itself; the ordinance of 1825, in
these words: " whenever any vacancies shall occur by death,
resignation, or otherwise, in the said company, it shall be
the duty of the members, immediately, to nominate a proper
person to fill such vacancy, such nomination to be made from
citizens, not under twenty-one, nor over fifty years of age,
and the chief fireman, or commanding officer, shall immedi-
ately communicate such nomination, to Council, who shall
reject or confirm the same."   (Ordinances, 162.)

What this ordinance says, is, that it shall be "the duty"
of the members to nominate—not, that it shall be their right
to do so.   Is that any restriction of the Council's power to
·fill vacancies ?   The council have the unlimited power to fill
vacancies.   They ordain, that it shall be the duty of the
members, to nominate to them, " proper persons" to fill va-
cancies, when these occur.   Is this saying, that the Council
relinquishes the right to fill such vacancies, until such nom-

ination be made? Suppose an ordinance had said, that it should be the duty of the city Marshal, to hand in a list of persons suitable for city printer, city surveyor, and for the various other city officers; and, that the appointment of these officers, should be made from the list, would that ordinance confer on the Marshal, the *right* to present this list, and at all diminish the power of the Council, to make the appointments, in the absence of the list? I much doubt it. And so I doubt, whether, this ordinance making it the duty of the members of the fire company, to nominate to vacancies in the company, at all diminished, the right of the Council to fill the vacancies, without such nomination.

And then it is a serious question, whether the Council has the right to pass an ordinance which would thus diminish its own power.

Supposing, however, that the Council has, and that they intended to diminish this power by this ordinance, the question still remains, to what extent, did they intend, so to diminish the power? Did they intend, that the power to fill the vacancies should not exist at all in the Council, unless a nomination to the vacancies, was made by the company; or did they intend more, than that the filling of vacancies by the Council, should be exclusively made from the nominations of the company, provided, the company would do its "duty," and make nominations? Surely it is going far enough, to say, that the Council could have intended as much as the latter. We think it is.

The result then, is, that, we think, that the City Council did have the right to make the appointment in question, and therefore, that the Court below was right, in holding the plea to be insufficient.

Judgment affirmed.