JAMES W. EATON, plaintiff in error, *vs.* JOHN A. FREEMAN, defendant in error.

1. *Mesne* profits are not recoverable in ejectment, without some evidence of amount, etc.
2. When the plaintiff in ejectment proves that he let the defendant into possession under a written contract for the exchange of lands; the terms of the contract, and some breach thereof, must appear before a recovery can be had in the action.
3. Attestation by two witnesses, one of whom is a justice of the peace of another state, will not, without further probate, prepare a deed for record in this state, so as to render it admissible in evidence as a recorded deed, whether tendered as color of title, or for any other purpose.

New Trial. Evidence. Deeds. Registry. Notice. Before Judge KIDDOO. Terrell Superior Court. May Term, 1876.

Freeman brought complaint against Eaton for lot of land 273, in the third district of originally Lee, now Terrell, county. The defendant pleaded the general issue, and title by prescription.

The evidence showed that the defendant acquired possession of the lot in controversy under a written contract for the exchange of certain real estate, entered into between him and the plaintiff. The latter claimed that he was entitled to recover because the defendant had not complied with the terms and conditions of such exchange. The written contract was not produced, nor was its absence accounted for.

In support of his second plea, as color of title, the defendant relied upon the record copies of two deeds, the first executed by John C. Fleetwood to Eliza Sperling, in Putnam county, on June 1st, 1845, before one witness and a justice of the peace, and recorded February 27th, 1868; the second, executed by said Eliza Sperling to defendant, in Pike county, in the state of Alabama, on June 10th, 1866, before one witness and a justice of the peace, and recorded on the same day as was the first. There was no evidence of

the execution of either deed except that drawn from the
fact of being attested by a justice of the peace, and the
registry thereof.    The absence of the originals was accounted
for.    The court admitted the first and excluded the second.

There was no evidence introduced upon the subject of
*mesne* profits.

The jury found for the plaintiff the land in dispute and
$800.00 for rent.    The defendant moved for a new trial
upon the grounds, among others, that the verdict was con-
trary to law and the evidence, and because the court exclu-
ded the record copy of the deed from Sperling to defendant,
offered as color of title.    The motion was overruled and the
defendant excepted.

GUERRY & SANDERS; A. HOOD, for plaintiff in error.

PARKS & PARKS; D. A. VASON, for defendant.

BLECKLEY, Judge.

1. Where the verdict is for the premises in dispute, and
a large amount for *mesne* profits, and there is no evidence
in the record on the subject of *mesne* profits, the verdict,
as a whole, is without sufficient evidence to support it.

2. Where the plaintiff's evidence shows that the defend-
ant acquired possession of the premises under a written
contract between the parties for an exchange of lands, the
contract ought to be produced or accounted for.    Its terms,
and a failure by defendant to comply with them, ought to
appear.

3. A deed executed in another state and attested by two
witnesses, one of whom purports to be a justice of the
peace, is not prepared for record without further authenti-
cation; and though recorded, it is not admissible in evidence,
even as color of title, without proof of execution.    Code,
§2706; 9 *Ga.* 440; 20 *Ib.* 312.

Judgment reversed.