### Eaton *vs.* Freeman.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. A deed recorded on the attestation of a justice of the peace and one other witness, with an attestation clause containing the words signed and sealed, but omitting the word delivered, if not admissible in evidence without further proof, is admissible on proof of the hand-writing of the maker and of each of the subscribing witnesses, together with evidence that all three are dead, the deed itself coming from the custody of the vendee.

2. The record of a deed since lost, is not admissible even as color of title, without due proof of the execution of the original, if the record was made without authority of law on insufficient probate or attestation.

3. Whether the defendant in complaint for land went in under the plaintiff or was a mere squatter, the plaintiff could recover on his prior possession.

Ejectment. Deeds. Attestation. Evidence. Before C. B. Wooten, Esq., Judge *pro hac vice.* Terrell Superior Court. May Term, 1879.

On December 4, 1875, Freeman brought complaint against Eaton for lot of land number 273, in the 3d district of originally Lee, now Terrell county, with mesne profits. The defendant pleaded the general issue.

Upon the trial the plaintiff offered in evidence a deed from Williams to himself, dated January 5th, 1855, and recorded the 12th of the same month. The attestation clause to this instrument was as follows: "Signed, sealed in presence of Hugh Kitchens, W. R. Hunter, J. P." He further proved the handwriting of the maker and of the witnesses, and that they were dead.

To the admission of this instrument the defendant objected. The objection was overruled and he excepted.

Plaintiff further proved that he placed Eaton in possession of the lot in controversy in 1862 or 1863; that they "traded lands;" that he had previously leased the lot to "a man," in 1856, who built a house on it and cleared about

twenty acres; that this person remained in possession about four years; that plaintiff cut timber off of it; that he was evicted from the possession of the property traded to him by defendant; that no deeds were ever made between them; that defendant notified him in 1865 of his adverse claim under a purchase from other parties.

Having shown the value of the mesne profits, plaintiff closed.

Defendant introduced a deed to the property from Fleet-wood to Sperling, of date June 1st, 1845, and recorded February 27th 1868. He testified that he bought the land from Sperling some time in 1864; that he heard Sperling had the title, and wrote to him offering to buy; that he replied that he would make a deed on payment of his price; that he (defendant) sent him the money and thus obtained the deed.

Having shown the loss of the original, defendant offered in evidence the record of the deed from Sperling to him, dated June 10, 1866, and recorded February 27th, 1868. This instrument was headed: "State of Alabama. Pike county," and was attested in the usual form by two witnesses, one of them having the letters "J. P." affixed to his name. There was no probate attached. On objection the court refused to admit the record, and defendant excepted.

He further testified that he did not go into possession of the land under the plaintiff, and never made any agreement with him; that he just squatted on it because no one was in possession; that this was in 1861 or 1862; that he afterwards heard who owned it, and bought as before testified; that he has been in possession ever since he bought it in 1864, cultivating and claiming it as his own until 1876 or 1877.

The court charged the jury, in brief, as follows:

(1.) If you believe from the evidence that defendant went into possession of the land in 1861 or 1862 under a contract of purchase from the plaintiff, then he could not afterwards purchase another title and set up a claim

adversely to plaintiff, by prescription, until he put the latter again in possession.

(2.) A title by prescription could not commence to run in defendant's favor, if he went into possession under plaintiff, from the time of the notice by defendant to plaintiff of adverse possession, but could only commence on defendant's placing plaintiff again in possession, or tendering him the possession.

(3.) If there be a deed in evidence from Fleetwood to Sperling, but no deed from Sperling to defendant, then the latter cannot set up a title by prescription under seven years' possession. To make the title by prescription good in this case, defendant must show a deed from Sperling to him, or a bond for title with purchase money paid, or some written evidence of title to himself. The payment of the purchase money, without written evidence of title in defendant, does not give a title by prescription.

To this charge the defendant excepted.

The jury found for the plaintiff the premises in dispute and $800.00 mesne profits.

The defendant moved for a new trial upon each of the above grounds of exception, and because the court refused to charge as follows: "If you believe, from the evidence, that defendant did not go into possession of this land under plaintiff, or did not hold under him in any way, then you must find for defendant. If the plaintiff swore one way (that he did) and defendant another (that he did not) you must reconcile their testimony, if possible; but if, after a careful and honest inquiry, under the law, you cannot do so, and cannot believe plaintiff in preference to defendant, you will leave the parties where you find them, and find for the defendant."

The motion was overruled, and defendant excepted.

J. H. GUERRY; T. H. PICKETT; S. D. IRVIN, for plaintiff in error.

Eaton *vs.* Freeman.

D. A. VASON; J. G. PARKS; L. C. HOYL, for defendant.

BLECKLEY, Justice.

1. As to the sufficiency of the attestation clause with the word "delivered" omitted, compare 11 *Ga.*, 636; 17 *Ib.*, 62; 19 *Ib.*, S.   We need not rule upon the admissibility of the deed as the result of its being recorded, for there was evidence, as we understand the record, which proved the hand-writing of the maker and of both the subscribing witnesses, and that all three were dead; and the deed came from the custody of the vendee.   This evidence established the execution of the instrument, without reference to whether it was duly recorded or not.

2. To justify the exclusion of the copy deed found in the record of deeds, even as color of title, the record having been made upon insufficient probate or attestation, we need only refer to 58 *Ga.*, 129.   There was proof of the loss of an original deed, but no evidence of its execution, or that the copy tendered was a copy of it, except such verity as the record imported, and that was none at all, inasmuch as the record was unauthorized.

3. We need not scrutinize the charge of the court, as there was not (after the exclusion of the copy deed) enough evidence that the defendant had written evidence of title, to make the seven years' prescriptive term applicable to his case, and his possession had not continued long enough to make the twenty years' term applicable.   There was no error in declining to charge as requested.   If the plaintiff had prior possession he could recover on that, whether the defendant, as he contended, was a squatter, or whether, as the plaintiff contended, he derived his possession from the plaintiff on a contract which he failed to comply with, and after failing, set up a revolt and undertook the hold adversely.   The Code, §3366, is express, where there is mere entry, without right; and that is the case of a squatter.

Of course, the case of a superior and his subordinate, the possession of the latter being a derived one, is still stronger.

Cited by plaintiff in error, Code, §§2690, 2693, 2683 ; 27 *Ga.*, 507. By defendant in error, 17 *Ga.*, 303, 607; 12 *Ib.*, 450; 59 *Ib.*, 507.

Judgment affirmed.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]