### CALHOUN *et al. vs.* CALHOUN.

To justify the admission of secondary evidence as to the contents of a a lost deed, or a deed without the jurisdiction of the court, not only the existence of the deed must be shown, but it must be shown to have been properly executed.

July 11, 1888.

Deeds. Evidence. Before Judge KIBBEE. Montgomery superior court. April term, 1887.

Reported in the decision.

B. R. CALHOUN and ROBERTS & SMITH, for plaintiffs in error.

A. C. PATE, *contra.*

SIMMONS, Justice.

J. R. Calhoun *et al.* brought complaint for land against
Samuel H. Calhoun.   On the trial the plaintiffs pro-
posed to prove by John Ladson the contents of a deed
shown to be in the State of South Carolina and never to
have been in Georgia, conveying certain property to one
Patterson, in trust for Mary McElrouath, free from the
control, etc. of any husband she might have, for and
during her life, and at her death to be equally divided
among her children; share and share alike.   Counsel for
the plaintiff stated in their place that they expected to
prove that the plaintiffs were the only children or legal
representatives of children of the said Mary, who, sub-
sequently to the execution of said deed, married James
J. Calhoun, Sr.; also, that the land in dispute was pur-
chased with the proceeds of the sale of said property
conveyed in said deed by the said James J. Calhoun, Sr.,
he taking the deed to the land in his own name; and
that the defendant, who is his son by said Mary, pur-
chased the land from him with full notice of all the
facts; also that the said Mary died before the commence-
ment of this suit.   It was further shown that the deed
was recorded over thirty years ago, in South Carolina,
and that it was in existence a year or two ago, and that
the plaintiffs had made no effort to get the original deed
or a certified copy thereof.   This evidence was rejected
by the court.   The plaintiffs closed their case, and the
court granted a nonsuit.   Whereupon the plaintiffs sued
out this bill of exceptions, alleging error in the refusal
of the court to allow the testimony of Ladson.

It will be observed that while the plaintiffs proposed
to show the existence of the deed two years prior to that
time, they did not offer to show its execution.   We think
the proper rule of law in regard to the admissibility of
secondary evidence is, not only that the plaintiff must

show the existence of the deed, but that he must show that it was properly executed. It is possible that the deed may have been written and signed by the grantor, and yet may never have been executed according to law. In the case of *Durham vs. Holeman*, 30 *Ga.* 624, it was held that, " before secondary evidence of the contents of a lost deed can be gone into, the existence and execution of such deed must be established by proof." See also *Bigelow vs. Young, Id.* 123. This deed being beyond the jurisdiction of the court, it was the same as if it had been lost; and the cases just cited apply. In the case of *White vs. Clements*, 39 *Ga.* 232, it was held that " the contents of a paper beyond the jurisdiction of the court and not in the power of the party wishing to use it, may, without doubt, be proven by a proven copy. But it must be proven that such an original paper does or did in fact exist, and was duly executed."

We think, therefore, that the court did right in excluding this testimony; and the judgment is affirmed.