BAGLEY *et al. vs.* KENNEDY.

1. One who holds land under a tenant for life, acquires no title by prescription as against those entitled in remainder, if they bring suit within seven years after the death of the tenant for life.
2. A trustee appointed to hold during the coverture of the tenant for life, she being a married woman, and for her only, has no title to the fee, and does not represent the remaindermen.

February 11, 1889.

| 81 | 721 |
| 85 | 705 |
| 86 | 184 |
| 91 | 307 |
| 81 | 721 |
| 94 | 652 |
| 81 | 721 |
| 96 | 110 |
| 81 | 721 |
| 99 | 451 |
| 81 | 721 |
| 105 | 807 |

Title. Prescription. Remainders. Trusts and trustees. Before Judge HUTCHINS. Gwinnett superior court. March adjourned term, 1888.

v 81-46

Mary A. Bagley *et al.* brought their action of eject-ment against J. R. Kennedy. The pleas were, the gen-eral issue and prescription. The verdict was for the defendant. The plaintiffs asked for a new trial on the grounds that the verdict was contrary to law and evi-dence. This being refused, they excepted.

SAM. J. WINN, for plaintiffs.

T. M. PEEPLES, for defendant.

BLECKLEY, Chief Justice.

The only demise which, under the evidence, has any significance, is the third, which was from the three children of Dorcas Hardin by her husband, James Har-din. The title of these children rested upon a document executed in April, 1849, by the heirs and distributees of the estate of Robert Harkness, one of whom was Dorcas Hardin. This document settled the rights of the heirs touching the premises now in dispute, and provided that the same should belong to Dorcas Hardin during her life, and be divided at her death equally between her chil-dren by James Hardin. By the same instrument, Robert W. M. Harkness was appointed trustee to take charge of the property for said Dorcas, and manage the same for her use so long as she remained a married woman. Afterwards, whilst holding as tenant for life, she con-veyed the premises in fee simple, for a valuable consid-eration, and under that conveyance as a subsequent pur-chaser, Kennedy, the defendant, holds. He and his pred-ecessors in title have had continuous adverse possession for a length of time sufficient to establish title by pre-scription as against Dorcas Hardin. She died in 1884, and this action was brought in 1887. The only question is as to the establishment of a prescriptive title in favor

of Kennedy against the plaintiffs, the children of Dorcas Hardin.

1. The plaintiffs had no cause of action during the life of their mother, and so were in no default for not bringing suit. They had seven years from the death of their mother, in 1884, within which to commence their action, and they waited much less than seven years. It admits of no doubt that one who holds land under a tenant for life, acquires no title by prescription as against those entitled in remainder, unless the possession is continued for seven years after the right to enter accrues to the remaindermen.

2. The fact that there was a trustee appointed to hold during the coverture of the tenant for life, has no relevancy to the question of barring these remaindermen. The trustee did not hold for the remaindermen, and according to the cases cited in *East Rome Town Company vs. Cothran, ante,* p. 359, did not represent them; and his default, if any, in omitting to bring suit, could not operate in any manner to their prejudice.

The court erred in not granting a new trial.

Judgment reversed.