### Kennedy *v.* Harden *et al.*

1. In order for an issue as to the genuineness of a deed to be made up under section 2712 of the code, for separate trial, it is necessary that the deed should be recorded in the county in which the land in controversy lies. Its being recorded in an adjoining county in which other land embraced in the same deed lies, is not sufficient, because such recording will not serve to render the deed admissible in evidence on the trial of the main case. Nor will it serve to admit in evidence on that trial a certified copy from the record after the original deed has been lost, even though this certified copy be recorded in the county in which the land in controversy lies and in which the suit for its recovery is pending, there being no statute which authorizes the recording of a certified copy of a deed instead of the original, though it may be that an established copy could be recorded the same as the original.
2. As the whole proceeding was outside of the statute under which the issue was formed and tried, there was no error in setting aside the verdict; but as a new trial would be idle and fruitless, direction is given that the affidavit raising the issue be dismissed.
   June 26, 1893.

Issue of forgery. Before Judge Hutchins. Gwinnett superior court. September term, 1892.

An action of ejectment upon the demise of Martha 'A. and Mary Bagley and William S. Harden, and upon other demises, against J. R. Kennedy, for certain land in Gwinnett county, came on to be tried, and pending

the trial plaintiffs offered in evidence a certified copy of an agreement or deed made by the heirs at law and distributees of Robert Harkness, to plaintiffs as remaindermen, to the premises in dispute. Defendant filed an affidavit under section 2712 of the code, alleging that to the best of his knowledge and belief the deed was a forgery. Whereupon the trial of the case was arrested, and a special issue on the affidavit made up and submitted to the jury, and a verdict rendered, finding the deed to be a forgery. Plaintiffs moved for a new trial upon the grounds that the verdict was contrary to law and evidence; and because the court erred in overruling the motion of plaintiff's counsel to dismiss the affidavit of defendant, for the reason that a certified copy of an ancient registered deed or title paper could not be attacked in this way. This motion was granted, and defendant excepted. There had been a previous verdict in favor of defendant upon his plea of the general issue, and a motion for new trial made by the plaintiffs was overruled, which decision was reversed. 85 *Ga.* 703.

T. M. Peeples, for plaintiff in error.

S. J. Winn, by brief, *contra.*

Bleckley, Chief Justice.

The code, in section 2712, provides that "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause, will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." The issue which this provision contemplates can be raised only when there is a deed produced which is registered, and which on account of its registration is admissible in evidence on the trial of the main case. Here

no deed was produced which had been registered. The document produced was a certified copy of a deed registered in Forsyth county, the copy being authenticated as one made from the record of deeds in that county. This copy, as we infer from the transcript before us, had been recorded in Gwinnett, the county in which the suit was pending. But there is no statute, and never has been so far as we are aware, authorizing a certified copy taken from the record of deeds in one county to be recorded in another county. The scheme of the recording acts is to record the originals of deeds, not copies of them, though probably in the case of lost or destroyed deeds a duly established copy might be recorded the same as an original. Although the deed recorded in Forsyth county conveyed land lying in that county as well as the tract lying in Gwinnett and now in controversy, the original, even if it had been produced, would not have been admissible in evidence as a registered deed so far as the land in Gwinnett county is concerned, for it had not been recorded in Gwinnett but only in Forsyth, and while this record was good as to the Forsyth lands, it had no efficacy as to the Gwinnett land, for the place for recording deeds is the county in which the land lies. Code, §2705. Where the same deed embraces land in two or more counties, it must be recorded in each of the counties in order to render it admissible in evidence as to all the land it covers. If recorded in one county only, that recording is good as to the land lying therein, but not as to the other lands. It is manifest, we think, that the section of the code above quoted has been misconstrued and misapplied in this proceeding, the facts not being such as to warrant the raising or the trial of a separate issue of forgery.

2. The whole proceeding being outside of the statute under which the issue was formed and tried, it was not error to set aside the verdict; but a new trial would be

idle and fruitless.  Therefore direction is given that the affidavit raising the issue be dismissed.

*Judgment affirmed, with direction.*