BAGLEY *et al. v.* KENNEDY.

| 94 | 651 |
|---|---|
| 103 | 437 |
| 94 | 651 |
| 111 | 822 |
| 94 | 651 |
| 130 | 580 |

1. The execution of a lost deed embracing lands in two counties cannot be proved, as to land in one of the counties wherein the deed was never recorded, by a certified copy from the record of the other county, in which it was duly recorded. And without first proving the execution of an original deed, a copy of the same taken from the records of a county in which the land in controversy is not situate, cannot be received in evidence.

2. The evidence as to execution or genuineness of the alleged original deed was insufficient to make a *prima facie* case, and the court did not err in granting a nonsuit.          *Judgment affirmed.*

July 30, 1894.

Ejectment. Before Judge HUTCHINS. Gwinnett superior court. September term, 1893.

· This case has been to the Supreme Court three times before. 81 *Ga.* 721; 85 *Ga.* 703; 92 *Ga.* 230. Essential to make a *prima facie* case for the plaintiffs was proof of execution of an instrument the original of which ·was lost, purporting to have been executed on April 4, 1849, conveying lands in Forsyth and Gwinnett counties ·to Dorcas Hardin for her life, with remainder to her children by James Hardin. It was admitted that the records of Gwinnett county were destroyed by fire in 1871. Plaintiffs offered in evidence a certified copy from the records of Forsyth county, purporting to be a copy of the instrument in question. It was rejected, and a nonsuit was granted.

SAM. J. WINN, for plaintiffs.
T. M. PEEPLES, for defendant.