GARBUTT LUMBER COMPANY *v.* GRESS LUMBER COMPANY.

FISH, J.   1. Before secondary evidence as to the contents of an alleged lost deed can be competent, it must be shown not only that an original once existed, but that it was properly executed.   *Bigelow* v. *Young,* 30 *Ga.* 121 ;

*Durham* v. *Holeman,* Id. 619; *Eston* v. *Freeman,* 63 *Ga.* 535; *Calhoun* v. *Calhoun,* 81 *Ga.* 91; *Dasher* v. *Ellis,* 102 *Ga.* 830.

2. "The execution of a lost deed embracing lands in two counties can not be proved, as to land in one of the counties wherein the deed was never recorded, by a certified copy from the record of the other county, in which it was duly recorded. And without first proving the execution of an original deed, a copy of the same taken from the records of a county in which the land in controversy is not situate, can not be received in evidence." *Bagley* v. *Kennedy,* 94 *Ga.* 651; *Chapman* v. *Floyd,* 68 *Ga.* 455 (5); *Hayden* v. *Mitchell,* 103 *Ga.* 431.

3. There being no proof of the execution of the alleged lost deed, there was no error in rejecting the offered evidence of its contents.

4. There was no abuse of discretion in refusing to grant an injunction.

*Judgment affirmed. All the Justices concurring.*

Argued March 20. — Decided April 10, 1900.

Petition for injunction. Before Judge Smith. Wilcox county. December 29, 1899.

*Hal Lawson, Eldridge Cutts,* and *Bankston & Cannon,* for plaintiff. *E. D. Graham* and *C. J. Haden,* for defendant.