DYSON, administrator, *v.* KNIGHT *et al.*

1. While the admission of evidence which is wholly immaterial would not necessarily require the granting of a new trial, such evidence should be excluded upon the next trial of the case, a new trial having been granted upon other grounds of the motion.

2. The question raised by an assignment of error upon the admission of a will in evidence is not determined, as the will is neither literally nor in substance set forth in the motion or in the brief of evidence.

3. The certificate of an unofficial person, that a certain document is a "true and correct copy of an original deed now in my hands, with the endorsements thereon," was not sufficient to render such document admissible as, evidence of the contents of the original deed.

4. "The execution of a lost deed embracing lands in two counties can not, be proved, as to land in one of the counties, wherein the deed was never recorded, by a certified copy from the record of the other county, in which it was duly recorded. And without first proving the execution of an original deed, a copy of the same taken from the records of a county in which the land in controversy is not situate can not be received in evidence."

5. After a good prescriptive title to lands has ripened, the person vested with such title can not be held to have been divested of title because of

abandonment, at least so long as he continues to perform acts in rela-
tion to the lands and the title thereto which are inconsistent with the
idea of abandonment.

(a) The question as to whether the doctrine of abandonment resulting from
a discontinuance of use and occupation, in the absence of facts and cir-
cumstances showing a devolution of title, can be invoked against one who
acquires a good prescriptive title, does not arise in this case.

Argued October 16, 1907.—Decided May 12, 1908.

Equitable petition.    Before Judge Parker.    Ware superior court.
August 10, 1907.

T. F. Dyson, administrator of Thomas Dyson, deceased, filed
an equitable petition against Knight and Pittman, seeking to en-
join them from cutting timber, or otherwise trespassing, on land
lots Nos. 331 and 332 in the 8th district of Ware county.    The
plaintiff alleged, that these lots were granted to Thomas Dyson
in 1850; that letters of administration de bonis non cum testa-
mento annexo upon the estate of Thomas Dyson were issued to him
by the court of ordinary of Thomas county in 1903; that leave to
sell said land had been duly granted by the ordinary; and that
the defendants were inflicting irreparable damage upon the estate,
by cutting and removing timber from said land.    The defendants
in their answer admitted having entered upon the land and cut
timber therefrom, but alleged that they were the owners of the
land.    They admitted that these lots were granted by the State
to Thomas Dyson, deceased, but averred, that the lots were con-
veyed by him to one Stovall, trustee for S. C. Butts, in 1850; that
subsequently one A. G. Butts was substituted as trustee in the
place of Stovall, and, in 1888, sold and conveyed the land to one
Cribb; and that by several subsequent conveyances the title to the
land became vested in Knight, one of the defendants.    The de-
fendants also claimed title to the land by prescription.

The case was submitted to a jury, and a verdict was rendered in
favor of the defendants.    The plaintiff filed a motion for a new
trial upon the following grounds:    (1-3) The general grounds.
(4) "Because the following material evidence was illegally ad-
mitted to the jury, over objection of this applicant, viz.: J. C.
McDonald, witness for the defendants, in testifying as to his
search among the papers of the Southern Pine Company of Geor-
gia for a deed alleged to have been made from Thomas Dyson to
Stovall, as trustee for Mrs. Sarah C. Butts, said, 'I had before,

in my examinations, found a memorandum there. That memorandum was in the handwriting of Brantley. A. Denmark of Savannah. That memorandum is lost; I could not find it. I have seen it, though, and it belonged to be filed in this deed, which I hold in my hand, from A. G. Butts, trustee, to Dodge and Stokes, covering quite a number of lots, and dated May 10, 1870. It was nothing but a pencil memorandum; I remember the memorandum that was there. Col. Denmark acted as general counsel of the old Waycross Lumber Company and as general counsel of the Southern Pine Company of Georgia, in passing upon the title that the Southern Pine Company was obtaining to those lands. I did not find the original deed; it could not be found in the possession of the Southern Pine Company. Col. Denmark is dead now.' Movant objected to the admission of said evidence, . . because the said evidence was illegal, irrelevant and inadmissible, did not illustrate any issue in the case, was a declaration by a third person not connected in any wise with the case on trial, was hearsay evidence and tended to lead the jury to believe that it had some reference to the alleged deed, claimed by the defendants to have been made from Dyson to Stovall, trustee, and thus tended to prejudice the cause of plaintiff before the jury." (5) "Because the following material evidence was illegally admitted to the jury over the objection of this applicant, viz.: a certified copy of order of A. P. Powers, judge Macon district, removing Stovall as trustee of Mrs. S. C. Butts, and substituting A. G. Butts in his place as trustee, said order reciting that Stovall prays to be removed, and that said cestui que trust consents and desires said removal and appointment, by her written request to said petition attached, and that A. G. Butts also files to said petition his written consent to an acceptance of said trusteeship. Dated at chambers, May 27, 1857, duly certified by the clerk of the superior court of Bibb county as appearing on the minutes of said court. Movant objected to the admission of this evidence on the ground that the order was inadmissible, because it was not accompanied by a certified copy of the proceedings in said court upon which the order purports to be predicated." (6) "Because the following material evidence was illegally admitted over objection of this applicant, viz.: a certified copy of the will of Thomas Dyson, dated June 28, 1865, codicils thereto, dated February 9,

1866, and the appointment and discharge of James E. Dyson as executor, and of Milton C. Smith as administrator de bonis non on the estate of the said Thomas Dyson; the order of the court of ordinary of Thomas county removing James E. Dyson as executor, and the order appointing Milton C. Smith as administrator with the will annexed, both dated October 7, 1867, and the order discharging Milton C. Smith as administrator being dated April 2, 1888, and reciting that said estate of Thomas Dyson has been fully and properly administered; said copy being duly certified by the clerk of the court of ordinary of Thomas county on August 18, 1906; the said will making no reference whatever to the lots of land in controversy." Movant objected to this evidence upon the ground, that, having shown that the lots in controversy were granted to Thomas Dyson, and having shown letters of administration upon his estate to the plaintiff, and an order authorizing the sale of said lots, the plaintiff was entitled to recover in this case, unless the defendants should show title out of Thomas Dyson, or title by prescription; which they could not do by introducing the said evidence. (7) "Because the following material evidence was illegally admitted to the jury over objection of applicant, viz.: a document wholly in the handwriting of A. G. Butts from the beginning to the end thereof, with all the entries, signatures, and certificates, purporting to be the copy of a deed from Thomas Dyson to Stovall, trustee, a copy of which is attached as an exhibit. Movant objected to the admission of this evidence . . on the ground that it is a writing prepared entirely by A. G. Butts, and is not admissible to prove the existence and proper execution and delivery of a genuine original deed from Thomas Dyson to Stovall, trustee, to the lots of land in controversy; that the same was a declaration of A. G. Butts, and was not binding upon the plaintiff; was illegal, irrelevant and inadmissible; could not prove any contested issue in the case, and could only tend to prejudice plaintiff's case before the jury." (8) Because the following material evidence was illegally admitted to the jury, over objection of applicant, viz.: a certified copy of a deed purporting to have been made by Thomas Dyson to Stovall, trustee, and conveying several lots of land, including the lots in controversy. Said deed was recorded in Bibb county, September 6, 1850, and the copy here introduced was certified by the clerk of

Bibb superior court. A copy of this evidence is attached as an exhibit. Movant objected to the admission of said evidence, upon the ground that the execution of a lost deed embracing land in two counties can not be proved as to land in one of the counties, wherein the deed was never recorded, by a certified copy from the record of the other county, in which it was duly recorded, without first proving the execution of the original deed; that a copy of the same taken from the records of a county in which the land in controversy is not situated can not be received in evidence; that it can not be received for the purpose of throwing light upon the transaction, for the jury to say whether or not an original deed ever existed from Thomas Dyson to Stovall, trustee; that, therefore, said copy offered in evidence is illegal, irrelevant, and inadmissible for any purpose connected with the trial of this case. (9) Because the court erred in charging the jury as follows: "There has been a certified copy of a deed from the records of Bibb county, purporting to be a copy of an original deed claimed to have been made by Dyson to Stovall. Now that deed would not be admissible as evidence, or as a certified copy of the original deed. It is not admissible at all for that purpose, because, in order for it to be admissible as a certified copy, it would have to be certified from the records of deeds of this county. It is not admitted for that purpose, but is only admitted for the purpose of illustrating the truth of this case and helping you to determine the question between these people as to whether there was an original deed, and no further than that." This charge was erroneous because it directed the jury to consider the certified-copy deed for the purpose of illustrating the truth of the case, and helping them to determine the question between the parties as to whether there was an original deed, whereas it could not be considered by the jury for such purpose, it having no such evidentiary value. (10) Because the court erred in charging the jury as follows: "Another copy has been introduced in evidence here that claims to have been written out by A. G. Butts, with an entry on it made by him, claiming to be a transcript by him from the records of Ware County, taken from Book E of the records of this county. This has been introduced for the same purpose as the other, not as a certified copy of the original deed and not for that purpose, but it has been admitted for the purpose, as stated a moment ago, of helping you

to determine the question as to whether there ever was an original deed made by Dyson to Stovall. And it is for that purpose alone that this evidence and some other circumstances have been introduced in this case; and if you find from the evidence that ·has been introduced, and the circumstances, if they are sufficient to establish to your satisfaction that Dyson did, as a matter of fact, convey that land to Stovall, as trustee for the benefit of Mrs. Butts, then I charge you that the plaintiff could not recover in this case, because that would pass title out of him." This charge was erroneous because it directed the jury to consider the evidence referred to, for the purpose of illustrating the truth of the case, and helping them to determine the question between the parties as to whether there ever was an original deed made by Thomas Dyson to Stovall, trustee, whereas said evidence could not be considered by the jury for such purpose, it having no such evidentiary value. (11) Because the court erred in charging the jury as follows: "Because after a prescriptive title has ripened into a perfect title, if they continue to exercise acts of ownership over it by selling property from it, or paying taxes on it, or other acts which go to demonstrate the fact that they are continuing to claim the title by exercising acts of ownership over it, why that would be inconsistent with the idea of abandonment. The facts and circumstances are to be looked into by the jury to determine whether, as a matter of fact, the land was abandoned. The purpose to claim it, the claim to own it—was that abandoned and set aside and neglected?" This charge was erroneous "(*a*) because the court expressed an opinion in said charge to the jury, in that the jury were told that after a prescription has ripened in a person, if such person continue to exercise the acts claimed by the court in its said charge, that would be inconsistent with the idea of abandonment; (*b*) because said charge instructed the jury that the purpose to claim the land, the claim to own it, was not abandonment, but that to abandon the land meant the purpose not to claim it, not to claim to own it; whereas the court should have charged the jury that, 'although one holds another's land adversely for seven years, under color of title and claim of right, yet if he then abandons the land, he can not claim the benefit of the statute of limitations;' (*c*) because the jury were instructed to find that after a person holds another's land adversely for seven years, under color

of title and claim of right, there would be no abandonment of the land, provided such person continued to exercise acts of ownership over it by selling property from it or paying taxes upon it."

The court overruled the motion for a new trial, and the plaintiff excepted.

*Wilson, Bennett & Lambdin,* for plaintiff.

*J. L. Sweat,* for defendant.

BECK, J. (After stating the facts.)

1. The 4th ground of the motion for a new trial assigns error upon the court's refusal to exclude the testimony of a witness as to a certain memorandum. Inasmuch as no part of the memorandum referred to was stated by the witness, it would seem that the defendant could not have been hurt by the admission of this testimony; but the evidence itself was immaterial, and should have been excluded upon objection of the defendants' counsel, based upon that ground.

2. The 6th ground of the motion complains of the admission in evidence of a certified copy of the will of Thomas Dyson, dated June 28, 1865, codicils thereto dated February 9, 1866, "and the appointment and discharge of James E. Dyson as executor, and of Milton C. Smith as administrator de bonis non on the estate of the said Thomas Dyson; the order of the court of ordinary of Thomas county, removing and dismissing James E. Dyson as executor, and the order appointing Milton C. Smith as administrator with the will annexed, both dated October 7, 1867, and the order discharging Milton C. Smith as administrator, being dated April 2, 1888, and reciting that said estate of Thomas Dyson has been fully and properly administered; said copy being duly certified by the clerk of the court of ordinary of Thomas county, August 18, 1906, the said will making no reference whatever to the lots of land in controversy." In offering said documentary evidence, counsel for the defendants made the following statement: "I want to state that I offer this but for one purpose, and that is as evidence of what I stated in the opening of the case,—that this was not an estate partially administered, but an estate which had been fully administered, and for the further purpose of showing that Thomas Dyson, in making his will, apparently made no claim to these lands, made no disposition of them so far as the will shows, and that his administrators, James E. Dyson, who was the first ad-

ministrator on his estate in Thomas county, and who was succeeded by Milton C. Smith of Thomas county, made no claim to these lands in controversy as belonging to the estate of Thomas Dyson." Inasmuch as neither the will nor an abstract of the contents of the same is set forth in this ground of the motion, nor in the brief of the evidence, we are not able to say whether it should have been admitted or not. The mere fact that the will made no reference to the lots of land in controversy is not necessarily conclusive upon the question of its admissibility in evidence. If the will contained a residuary clause that might have embraced the lots in question, and if it required a sale and a division of the proceeds, might there not arise a presumption that there had been a complete administration of the estate and a distribution according to the scheme set forth in the will?

3. The plaintiff in error objected to the admission of a certain document in the handwriting of A. G. Butts, which purported to be a copy of a deed from Dyson to Stovall, as trustee for Mrs. Sarah C. Butts. The court overruled the objection and admitted the testimony. The objection to this evidence was well taken, and should have been sustained. The special objections urged are set forth in the statement of facts (7th ground of the motion for a new trial). They were based upon familiar principles of law, and the admission of the paper and the application of those principles demanded the exclusion of the evidence.

4. The court also erred in admitting the evidence set forth in the 8th ground of the motion for a new trial. "The execution of a lost deed embracing lands in two counties can not be proved, as to land in one of the counties, wherein the deed was never recorded, by a certified copy from the record of the other county, in which it was duly recorded. And without first proving the execution of an original deed, a copy of the same taken from the records of a county in which the land in controversy is not situate can not be received in evidence." *Bagley* v. *Kennedy,* 94 *Ga.* 651 (20 S. E. 105). Having ruled that the documents referred to in divisions 3 and 4 of this opinion should have been excluded from evidence, it is unnecessary to deal with the question made in the 5th ground of the motion for a new trial, which complains of the admission in evidence of a certified copy of the order removing Massilon P. Stovall, as trustee for Mrs. Sarah C. Butts and children, and sub-

stituting Albert G. Butts in his place as trustee, because, those documents having been excluded from the evidence, the order substituting Albert G. Butts in the place of Massilon P. Stovall as trustee would necessarily be nugatory, so far as relates to the effect of such substitution upon the chain of title which those documents were offered to establish.

5. As against the plaintiff, the court did not err in giving to the jury the instructions set forth in the last ground of the motion for a new trial. While it was held in the case of *Vickery* v. *Benson, 26 Ga. 582,* that "Although one holds another's lands adversely for seven years, under color of title and claim of right, yet, if he then abandons the lands, he can not claim the benefit of the statute of limitations," it has not been decided since the adoption of the code, substituting title by prescription for title acquired by adverse possession under the limitation laws, that the doctrine of abandonment, resulting from the discontinuance of use and occupation, in the absence of facts and circumstances showing a devolution of title, can be invoked against one who acquires a good prescriptive title. And the question as to the applicability of that doctrine of abandonment, as against one setting up a prescriptive title, is not here decided, as it is not raised by an assignment of error upon that portion of the court's charge last above referred to. We merely rule that after a good prescriptive title to lands has ripened, the person vested with such title can not be held to have been divested of title, because of abandonment, so long as he continues to perform acts in relation to the lands and title thereto which are inconsistent with the idea of abandonment.

*Judgment reversed. All the Justices concur.*