SIGMAN, administrator, *v.* ADAMS *et al.*

ATKINSON, J.   1. In an ejectment suit instituted by an administrator de bonis non cum testamento annexo, a defendant proposed to show paramount outstanding title against the plaintiff, relying in part upon evidence that in 1887 the testator had conveyed the land to a

lender of money as security for a loan, receiving a bond for reconvey-
ance of the land on payment of the loan; and that after receiving the
bond for title the testator transferred and delivered it in pursuance
of a contract of sale to a third person.  *Held*, that foundation was
properly laid for introduction of parol evidence as to the contents of
the bond for title, and a transfer written thereon, by testimony of
the widow of the alleged transferee to the effect that after the death
of the transferee the bond for title, being in her possession, was turned
over to a named attorney at law who represented her, and that it
was never returned to her, and it could not be found among the
papers left by her husband (who was the alleged transferee); and
testimony of the son of the attorney at law, since deceased, to the
effect that his mother was executrix, that he was in possession of all
the papers and other effects left by his father, and that after diligent
search among them, made by himself and by his mother, the paper
could not be found.

2. The loan deed and bond for title were executed on May 21, 1887.  F.
M. Sigman was the grantor named in the deed, and the obligee named
in the bond for title.  W. T. Sigman was the alleged transferee of
the bond for title.  A paper dated November 19, 1890, was shown
by aliunde evidence to have been signed and delivered by W. T.
Sigman to F. M. Sigman, contemporaneously with the transfer of
the bond for title, and to have been retained by him until his death,
as follows:  "Whereas W. T. Sigman of Newton County has bought
of F. M. Sigman of said county said lands lying and being in said
county, upon the following conditions, to wit:  The said W. T. Sigman
is to pay off the debt of F. M. Sigman to Corbin Banking Company,
with interest, as it becomes due, and pay off all the indebtedness of
said F. M. Sigman that is due other parties that may be due, and
that the said W. T. Sigman is to furnish the said F. M. Sigman a
two-horse farm and home for himself and wife as long as they live.
It is further agreed that the crops grown on the place the present
year and fall be applied to the debts of the tenants which the said
F. M. Sigman shall be or is bound for.  All of which consideration
and agreement the said W. T. Sigman binds himself, his heirs,
executors, or administrators to perform or fulfill, this November 19,
1890."  Other extrinsic evidence tended to show that W. T. Sigman
recognized and carried out the obligations imposed upon him, as
specified in the writing, until his death.  *Held*, that the paper does
not purport to speak the whole contract, and considered alone is in-
sufficient as a conveyance; but it was admissible in evidence, in con-
nection with the other evidence in the case, as tending to show the
terms and consideration of the contract for transfer of the bond for
title.

3. A transcript from the court of ordinary, showing that certain lega-
tees had cited the executrix for a settlement, and that on issue duly
made it was found that during his life the testator had disposed of
the land now involved in the ejectment suit, and that the case was
appealed to the superior court, if otherwise relevant, was not admis-
sible without showing what disposition was made of the case on ap-
peal.

4. At the trial term, and after both sides had introduced evidence and
announced closed, it was not an abuse of discretion to refuse to open

the case for the purpose of allowing the plaintiff to amend the original petition (even if the proposed amendment was otherwise allowable) by setting up matter not alleged in the original petition, and offering new evidence in support of such amendment.

5. The words, "upon the following conditions," as contained in the paper quoted in the second headnote of this decision, when properly construed in connection with the context, refer to "consideration" and "terms," and the paper does not create a condition precedent.

6. The plaintiff sues in ejectment in his representative capacity as an administrator with the will annexed. The uncontradicted evidence shows that the testator executed a security deed embracing the land in dispute, whereby he conveyed the legal title to a lender of money, and received from such lender a bond the condition of which was to reconvey to the grantor the land upon payment of the debt. After receiving such bond for title, the obligee therein (the testator) transferred the same under a contract of absolute sale to a third person. *Held*, that the testator, by such sale and transfer of the bond for title, divested himself of all interest in the land, and after his death the legal representative of his estate could not maintain ejectment for recovery of the land, against a stranger setting up such outstanding title. In view of this ruling, the error in admitting evidence, as ruled in the third headnote, is harmless.

7. The judge did not err in directing the verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 1967. FEBRUARY 16, 1921.

Ejectment. Before Judge Hutcheson. Newton superior court. January 8, 1920.

*Etheridge, Sams & Etheridge,* for plaintiff.

*Rogers & Knox,* for defendants.