SHARP *et al. v.* AUTRY.

No. 11950.   OCTOBER 5, 1937.   REHEARING DENIED DECEMBER 7, 1937.

*Joe M. Lang,* for plaintiffs.　*Maddox & Griffin,* for defendant.

**168**

BELL, Justice. ■ The evidence as admitted, regardless of that excluded, tended to prove the case as laid, and the court therefore erred in ordering a nonsuit. *Kelly* v. *Strouse,* 116 *Ga.* 872 (4, *b*) (43 S. E. 280) ; *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674).

■ The first assignment of error on the rejection of evidence was as follows: "The plaintiffs offered in evidence the testimony of Gene Goswick, but the court excluded said evidence. What occurred in connection therewith was as follows: ' Mr. Lang: If your honor please, I would like to prove by Mr. Eugene Goswick that Mr. Jim Sharp showed him his deed and told him he had a deed and he claimed it as owner, and he was there in possession.

' Court: I ruled on that testimony as to one or two witnesses; it is not admissible, because the deed was the highest and best evidence, and the deed has not been accounted for.

' Mr. Lang: I think the record shows that I proposed to show by Mr. Goswick yesterday that he saw this deed and had it in his hand and read it over, and that it was a deed signed by Mrs. S. E. Sharp, conveying this property to Mr. Jim Sharp. I think your honor excluded the evidence, but I wanted to prove that he saw, her name had been signed to it, and that it was witnessed as a deed, and conveyed this property, and that she later told him she had deeded that farm to her son, Jim.

' Court: Those questions are not before me at the present time.

' Mr. Lang: I propose to prove that by Mr. Eugene Goswick. . .

' Court: I don't think there is any evidence of any execution of the paper. All right, what next?

' Mr. Lang: I want to offer a little other evidence. Call Mr. Goswick. Your honor holds we can't go into secondary evidence as to this deed?

' Court: Yes.' "

While it is true that secondary evidence as to the contents of an alleged lost or destroyed deed should not be admitted until it is shown that a duly executed original once existed (Code, § 38-214; *Calhoun* v. *Calhoun,* 81 *Ga.* 91, 6 S. E. 913; *Garbutt Lumber Co.* v. *Gress Lumber Co.,* 111 *Ga.* 821, 35 S. E. 686), yet "where no direct evidence of the execution of a written instrument is attainable, its

execution may be proved by circumstances." *Proctor & Gamble Co.* v. *Blakely Oil & Fertilizer Co.,* 128 *Ga.* 606 (3) (57 S. E. 879). "When a deed has been lost, and the subscribing witnesses are unknown, proof of its existence and due execution may be made by any witness who knows the facts." *Turner* v. *Cates,* 90 *Ga.* 731(4) (16 S. E. 971). "In order to admit secondary evidence, it shall appear that the primary evidence, for some sufficient cause, is not accessible to the diligence of the party. This showing shall be made to the court, who shall hear the party himself on the question of diligence and the inaccessibility of the primary evidence." Code, § 38-212. Under these principles, the court erred in excluding the proffered evidence as to the execution and contents of the alleged lost or destroyed deed. See, in this connection, *Hawes* v. *Paul,* 41 *Ga.* 609; *Blalock* v. *Miland,* 87 *Ga.* 573 (3) (13 S. E. 551); *Sigman* v. *Adams,* 151 *Ga.* 88 (106 S. E. 82). The court also erred, as contended in the same assignment of error, in excluding the evidence of a declaration by the alleged grantee (the plaintiffs' father) while in possession of the land, indicating that he claimed the land as owner. While this declaration was not admissible to establish ownership (*Dozier* v. *McWhorter,* 117 *Ga.* 786 (4), 45 S. E. 61; *Rucker* v. *Rucker,* 136 *Ga.* 830, 72 S. E. 241; *Causey* v. *White,* 143 *Ga.* 7 (7), 84 S. E. 58), it was relevant as explaining the character of the declarant's possession, and as constituting a circumstance to be considered by the jury. *Brown* v. *Cantrell,* 62 *Ga.* 257; *Wallace* v. *Mize,* 153 *Ga.* 374 (6) (112 S. E. 724); *Blount* v. *Dunlap,* 34 *Ga. App.* 666 (2) (130 S. E. 693).

■ The other assignments of error on the rejection of evidence related to similar declarations by the alleged grantee, but these declarations were not shown to have been made while the declarant was in possession of the property, and for this reason the court did not err in excluding the evidence. *Smith* v. *Smith,* 141 *Ga.* 629 (10) (81 S. E. 895).

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

In the motion for a rehearing attention is called to the decisions in *Smith* v. *Smith,* 106 *Ga.* 303 (31 S. E. 762); s. c. 112 *Ga.* 351 (37 S. E. 407). It is contended that if these two decisions are given due weight as precedents, a different result should be reached in the present case. The first of these decisions contains a quota-

tion from the opinion in *Calhoun* v. *Calhoun,* 81 *Ga.* 91 (6 S. E. 913), as follows: "We think the proper rule of law in regard to the admissibility of secondary evidence is, not only that the plaintiff must show the existence of the deed, but that he must show that it was properly executed. It is possible that the deed may have been written and signed by the grantor, and yet may never have been executed according to law." In *Smith* v. *Smith,* supra, the court repeated the statement as to the necessity of showing that the alleged lost deed was properly executed, and further held that evidence showing merely that the instrument "was signed by the alleged maker thereof, with no proof of delivery, is not sufficient to authorize the introduction of secondary evidence of the contents of the instrument." This latter ruling was correct, because *delivery* would be necessary to make the deed effective. There was no evidence in *Calhoun* v. *Calhoun,* supra, to show that the deed there in question was ever executed in any manner by the alleged grantor, and the same is true of each record in *Smith* v. *Smith,* supra. Accordingly, the language in each of these decisions as to the necessity of proving that the deed was "properly executed" or was executed "according to law" should be construed as referring to execution only in such manner as to give the instrument force as a deed of conveyance by the alleged grantor. A mere informality in regard to attestation does not invalidate a deed as between the parties. Attestation "according to law" may be necessary in order to entitle a deed to record, but such an instrument may be valid between the parties, without witnesses. *King* v. *Sears,* 91 *Ga.* 577 (3) (18 S. E. 830); *Howard* v. *Russell,* 104 *Ga.* 230 (30 S. E. 802). So, in a case like the present, where the witnesses, if any, are unknown, it would not be necessary to prove that the alleged lost original was executed with any particular formality, in order to admit secondary evidence of its contents. Cf. Code, §§ 38-203, 38-212, 38-214, 38-707. As further authority for the proposition that the existence and *genuineness* of a deed may be proved by circumstantial evidence, see *Payne* v. *Ormond,* 44 *Ga.* 514 (2); *Terry* v. *Rodahan,* 79 *Ga.* 278 (4) (5 S. E. 38, 11 Am. St. R. 420); *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (4), 703 (10 S. E. 211); *Bentley* v. *McCall,* 119 *Ga.* 530 (2) (46 S. E. 645); *Campbell* v. *Sims,* 161 *Ga.* 517 (5), 521 (131 S. E. 483). The plaintiffs attached to their petition a paper which they alleged was a

substantial copy of the alleged lost deed on which they based their claim to the land in controversy. This averment also could be proved by circumstantial evidence, and it was so proved sufficiently to withstand a nonsuit.

*Rehearing denied. All the Justices concur.*