## Farrar *v.* Gulf Oil Corporation.

Wyatt, Justice. 1. It would serve no useful purpose here to set out the lengthy record of the evidence. Suffice it to say the jury was authorized to find that the property in question was not included in the description contained in the deed under which plaintiff in error claims title to the property in dispute, and was authorized to find that the property was included in the description of the deed under which the defendant in error claimed title to the property. On the question of adverse possession, the evidence was in sharp conflict. It follows that there is no merit in the general grounds or in the first four special grounds, they being simply amplifications of the general grounds.

2. It was not error to exclude from evidence a certified copy of a deed recorded in Whitfield County, Georgia, but not recorded in Decatur County, Georgia, the county in which the property was located, there being no proof of the execution of the original deed. See *Beverly and McBride* v. *Burke,* 9 *Ga.* 440 (54 Am. D. 351); *Bagley* v. *Kennedy,* 94 *Ga.* 651 (20 S. E. 105); *Garbutt Lumber Co.* v. *Gress Lumber Co.,* 111 *Ga.* 821 (35 S. E. 686); Powell, *Actions for Land* (rev. ed.), p. 213.

3. It was not error for the court to deny to the plaintiff in error the right to go into the consideration of the deed from a predecessor in title to her mother. This evidence could have in no way illustrated any issue in the case under consideration.

4. The objection to the introduction in evidence of a deed from R. M. Reynolds to Pure Oil Company and a deed from Pure Oil Company to Gulf Oil Corporation, on the ground that the property in question was not described in the deeds, and on the further ground that the dividing line contended for by plaintiff in error was then established and this fact was known to defendant in error, was without merit for the reason that the evidence was in sharp conflict as to both of these contentions.

5. It is contended that the property in question was at one time owned by Farrar Lumber Company, a partnership, and later by Farrar Lumber Company, a corporation, both alleged to be predecessors in title to plaintiff in error. J. K. Farrar was a member of the partnership and was president of the corporation. Statements made by him against his interest as to the location of the line in dispute were properly admitted in evidence.

6. R. M. Reynolds was one of the predecessors in title to the property owned by defendant in error. He testified, "Since my knowledge of the property, that old fence never did mark the dividing line." This evidence was objected to as a conclusion. This objection was correctly overruled for the reason, in the first place, the statement was not a conclusion, and, in the next place, he stated a number of facts upon which he predicated the statement.

7. Special grounds 11, 12, and 13 complain of the refusal of the court to give in charge to the jury certain rather lengthy requests to charge. We deem it sufficient to say that the charge of the court fully covered the questions of law contained in the requests, and it was not error to refuse the written requests.

8. Complaint is made because the court charged the jury that "possession

under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." This is substantially the language in the Code (see § 85-405), and was appropriate to the facts under consideration by the jury in this case. It follows, from what has been said above, no error appears.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who concurs specially.*

DUCKWORTH, Chief Justice, concurring specially. None of the written requests conform to the rule stated in *Lewis* v. *State,* 196 *Ga.* 755 (3) (27 S. E. 2d, 659), and, for this reason, I concur in headnote 7. However, if they did meet that requirement, the fact that the general charge covered the substance of the requests would not be justification for refusing to charge as requested. *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d, 825).

No. 17508. ARGUED JUNE 12, 1951—DECIDED JULY 9, 1951.

*Erle M. Donalson,* for plaintiff.

*J. C. Hale* and *Smith, Kilpatrick, Cody, Rogers & McClatchey,* for defendant.